Harry E. Schirick, J.
The petitioner participated in a competitive promotional examination for certain positions in the Insurance Department. The examination consisted of two parts: the first written, the second oral. The petitioner passed the written portions of the examination for three titles in the associate insurance examiner class and two titles in the principal insurance examiner class. Together with others who had passed the written examination he then participated in a group oral examination.
*713 Such oral examination was conducted to test the candidates as to the following qualities: (1) Ability to deal effectively with others. (2) Ability to speak effectively. (3) Ability to reason clearly and to make sound administrative judgments.
Five persons formed the board of examiners upon such group oral examination. Of these, one was chosen from the Civil Service Department, one from the Insurance Department, one from the general public, and two from the insurance industry. The topic to be discussed at each session was given to the candidates in written form and the discussion proceeded in the presence of the examiners. Each of the examiners had previously been instructed as to the qualities to be tested and given a scale of grades to be assessed to each candidate, depending upon the examiners ’ appraisal of his performance.
The petitioner failed to receive a passing grade upon the group oral examination. His appeal to the Civil Service Commission has been dismissed. In the present proceeding he attacks the test procedure and the rating given to him by the examiners.
The preparation and conduct of civil service examinations constitute administrative functions of the Civil Service Commission as to which it possesses wide discretionary powers. The court will not interfere merely because it may disagree as to the result. It must be shown that the commission has been capricious and that no reasonable basis exists for its determination (Matter of Fitzgerald v. Conway, 275 App. Div. 205; Matter of Firshein v. Reavy, 263 App. Div. 490, affd. 289 N. Y. 712).
The Constitution requires that, so far as practicable, civil service examinations shall be objective and competitive. This does not, however, exclude oral examinations, nor does it exclude examinations which measure in subjective fashion qualities for which there are no objective tests. If the quality tested is appropriate for the position, a noncompetitive subjective examination may be employed. (Matter of Float v. Board of Examiners, 274 N. Y. 367.)
The oral examination taken by the petitioner was competitive in the sense that all candidates were examined under similar conditions and their performance measured by the same standards and criteria. It was objective in the sense that stenographic minutes and a tape recording were made of the examination which can be and have been reviewed.
The court finds here none of the infirmities which were condemned in Matter of Bridgman v. Kern (257 App. Div. 420, affd. 282 N. Y. 375). The instruction to the examiners there was to *714 fail not less than one half of the group. The effort was to find candidates with a particular political, social and economic viewpoint. These features were found to he repugnant to the constitutional mandate.
I find here that the candidates were assigned the same problems and were rated according to the same standards. I have reviewed the written transcript and have heard portions of the tape recording. These do not lead me to conclude that the rating given to the petitioner is arbitrary or without reasonable foundation.
The determination appealed from lies well within the discretionary powers and authority of the Civil Service Commission.
The petition is dismissed.