■ In the Matter of HENRY A. ACOSTA et al., Respondents, v. THEODORE H. LANG et al., Constituting the Department of Personnel and Civil Service Commission of the City of New York, et al., Appellants.— Order entered on or about March 29, 1962, unanimously reversed and vacated on the law, without costs, and the motion for an order dismissing the petition herein granted on the law, without costs. It is well settled that the Civil Service Commission has wide discretion in the matter of preparing and grading of civil service examinations, and that, in the absence of a showing of illegality, bad faith or arbitrary conduct, its decision will not be disturbed (*Matter of Blumenthal* v. *Morton*, 273 App. Div. 497, 499, affd. 298 N. Y. 563). Where, as here, a petition in an article 78 proceeding attacks the commission's choice of the correct key answers to certain questions of multiple choice type on a promotional examination for a civil service position (here, the position of police sergeant), the petition must show that there is no reasonable basis for the answers selected by the commission as the correct answers. A showing that another answer to the particular question is better, or at least as good, as the key answer selected by the commission, is not sufficient. So long as there is a fair and reasonable basis for the commission's action, the courts will not interfere even though in their judgment or in the judgment of experts another of the listed answers would have been equally or more acceptable as the proper answer to the question. (*Matter of Anderson* v. *Lang*, N. Y. L. J., Dec. 27, 1961, p. 11, col. 6, affd. 15 A D 2d 880; *Matter of Gilman* v. *Lang*, N. Y. L. J., Feb. 27, 1961, p. 14, col. 2, affd. 15 A D 2d 637; *Matter of Gold* v. *Brennan*, N. Y. L. J., Dec. 19, 1952, p. 1548, col. 5, affd. 281 App. Div. 818; *Matter of Cavanagh* v. *Watson*, 201 Misc. 899, 901, affd. 280 App. Div. 757.) Therefore, upon the petition and exhibits annexed thereto, and on the undisputed facts in the record, it is clear that the petitioners are not entitled to any relief. Nor do petitioners show that there is an issue of fact to be resolved on a trial or hearing. There being no prima facie showing that the action of the commission was arbitrary or unreasonable, the court should not attempt to evaluate the commission's choice of answers on basis of conflicting testimony of experts. Therefore, the allegations here that certain experts in the field, including certain high-ranking officials in the Police Department, disagree with the commission as to the correct answers for particular questions, are not sufficient to raise triable issues of fact. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.