A. Franklin. Mahoney, J.
In this article 78 proceeding the petitioner, a physician, seeks an order annulling a determination of the Civil Service Commission disapproving petitioner’s application for advancement from Medical Specialist II to Medical Specialist III and, further, that respondent find and declare petitioner to be eligible for such advancement.
Presently, petitioner, a duly licensed physician in the State of New York, is a Medical Specialist II in the Department of Mental Hygiene on temporary assignment as Assistant Director of the G-ouverneur Hospital Division of the Willowbrook State School. His medical expertise is in the field of neurosurgery and he is a member of the International College of Surgeons, United States Section. At the time of his application for advancement the qualifications for Medical Specialist III in the New York State Department of Mental Hygiene included possession of a valid certificate in the specialty of the applicant issued by the appropriate American Board. This particular qualification could be satisfied by formal qualifications or by possession of a certificate in a medical specialty from a professional board that respondent found to be clearly equivalent to a certificate issued by the American Board of Neurological Surgery (specialty of petitioner). Dr. Bosner’s application was submitted to the Medical Advisory Committee of the Department of Mental Hygiene. After review Dr. Bosner was advised, on July 28, 1970, that his training was not the equivalent of certification by the American Board of Neurological Surgery* and it was suggested that he obtain such certification before reapplication.
*853 It is the sole contention of petitioner that his certification by the International College of Surgeons, United States Section is the equivalent of certification by the American Board and should have been so regarded by respondent so as to make him eligible for advancement to Medical Specialist III.
The issue is not whether the certificates issued by the respective boards are equivalent but whether the requirement that an applicant be certified by the American Board or be possessed of other certification or training that, in the view of the Medical Advisory Committee, is equivalent to American Board certification, is such an unreasonable demand that, in Dr. Bosner’s case, the decision is so freighted with arbitrariness and capriciousness as to require reversal. In my view, it is not.
Section 6 of article V of the New York State Constitution provides that civil service appointments shall be made according to merit and fitness and subdivisions 1 and 2 of section 50 of the Civil Service Law, so far as they relate to the Department of Mental Hygiene, carry out that constitutional command. In this connection it is important to note that subdivision 1 of section 50 of the Civil Service Law authorizes the Civil Service Department to prescribe the format and requirements of examinations to determine the relative merit and fitness of applicants for competitive appointments such as Medical Specialist III and, further, that subdivisions 1 and 2 of section 7 of the Civil Service Law authorize the President of the Civil Service Commission to employ suitable persons to act as examiners and the appointment by the President of the members of the Medical Advisory Committee is consistent with that statutory authority. This committee, after reviewing Dr. Bosner’s application, advised the Department of Civil Service that it believed it to be in the best interest of the department to only consider equivalency for American Board certification in those cases where the applicant was not an American Board eligible but where, as in petitioner’s case, eligibility existed, that an applicant should complete his qualifications for such boards before he could be considered qualified. That the adoption by the respondent of this recommendation diminishes the opportunity of Dr. Bosner for advancement is undeniable. That it forecloses to him the chance for promotion is unacceptable for he can complete his qualifications by obtaining American Board certification. That it is a deprivation of due process is untenable under the decisional law of this State which has consistently upheld the right of the State, in those instances where the area of concern is of *854 such a delicate nature that its rigid supervision on behalf of the public is mandatory, to constitutionally diminish personal rights. As recently as February 17, 1971 the Court of Appeals in Fagelman v. Ingraham (28 N Y 2d 590) declared that the rules and regulations adopted by the Commissioner of Health and Commissioner of Social Services of the State of New York limiting eligibility for inclusion on the roster of orthodontists to ‘ ‘ Diplomates of the American Board of Orthodontists ” or to those possessing equivalent qualifications, were not unconstitutional and did not, in fact, deprive any applicant of the equal protection of the law. The same is true in the instant case. The requirement that an applicant who is eligible for certification by the American Board of Neurosurgery should become so certified before qualifying for examination for promotion to Medical Specialist III is not unconstitutional or arbitrary or capricious.
The petition is dismissed.

 Dr. Bosner was examined for certification by the American Board of Neurological Surgery in 1967 and did not receive a passing grade.