■     In the Matter of SAMUEL ROSNER, Appellant, v. CIVIL SERVICE COMMISSION OF THE NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered May 12, 1971 in Albany County, which dismissed petitioner's application in a proceeding under CPLR article 78, to annul a determination of the Civil Service Commission disapproving petitioner's application for advancement to the position of Medical Specialist III. Appellant, a physician specializing in neurosurgery, is employed as a Medical Specialist II in the Department of Mental Hygiene. He is a member of the International College of Surgeons, United States Section. However, he has not been certified by the American Board of Neurological Surgery, having taken the comprehensive seven-part examination given by this board and failed it. On May 19, 1969, he filed an application seeking to qualify for advancement to Medical Specialist III, the highest of the three medical specialist positions in the State Civil Service. The basic requirement for this position included, *inter alia*, that the applicant be "certified by the appropriate American Board", i.e., in this case, the American Board

of Neurological Surgery. As a possible alternative means of qualifying it was provided that "formal qualifications or certificates in a medical specialty granted by a professional board clearly equivalent to the certificate granted by the appropriate American Board may be considered as satisfactory equivalent". Respondent referred appellant's application to take the oral examination for the position of Medical Specialist III to its Medical Advisory Committee, composed of four physicians appointed by the President of the Civil Service Commission. The committee's function is to review the qualifications of candidates for medical specialist positions and to report to respondent. On July 28, 1970, appellant was advised that the Medical Advisory Committee, after having reviewed all of his qualifications, had rejected his application. Appellant contends that Special Term erred in concluding that this determination was not arbitrary and capricious since respondent used improper standards for determining his eligibility for promotion to Medical Specialist III. Appellant specifically argues that the selection of the American Board as the examining authority to determine his competency for the position of Medical Specialist III was arbitrary. We disagree. Pursuant to the provisions of the Civil Service Law, the President of the Commission has authority to appoint examiners such as the Medical Advisory Board for the purpose of determining an applicant's eligibility for advancement in the State Civil Service (Civil Service Law, § 7, subds. 1, 2). Respondent adopted certain requirements which an applicant was required to satisfy to establish eligibility for a position. In these administrative functions, the commission has broad discretionary powers (*Matter of Fitzgerald* v. *Conway*, 275 App. Div. 205, mot. for lv. to app. den. 299 N. Y. 798). A petitioner challenging such exercise of discretion has a heavy burden to overcome. Here, appellant does not offer any evidence whatsoever that the examination given by the board was unfair or that he was singled out as the only candidate required to satisfy this standard. Furthermore, appellant presents no evidence to show the membership in the International College of Surgeons, United States Section, is equivalent to certification by the American Board of Neurological Surgery. Special Term correctly held that the selection of an advisory board of neurosurgeons was neither arbitrary or capricious nor in violation of subdivision 2 of section 7 of the Civil Service Law (*Matter of Fitzgerald* v. *Conway*, *supra*; see, also, *Matter of Barlow* v. *President & Comrs. of N. Y. S. Dept. of Civ. Serv.*, 28 A D 2d 1058, affd. 22 N Y 2d 714). Judgment affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur. [66 Misc 2d 851.]