■ In the Matter of WILLIAM WOLFSON, Respondent, v. ERSA H. POSTON et al., Constituting the New York Civil Service Commission, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered November 16, 1970 in Sullivan County, which set aside the results of a Civil Service examination for the position of Chief Psychologist in the Department of Mental Hygiene and directed a new examination be given. Petitioner was eligible to take a combined oral examination for the position of Principal Psychologist and Chief Psychologist in the Department of Mental Hygiene. He passed the test for Principal Psychologist but failed the other. In this proceeding he attacks the test, the manner in which it was conducted and the method of testing. The court below found two irregularities in the proceedings; first was the failure to disclose in advance a fourth question, submitted only to those who were tested for the position of Chief Psychologist; and second, that the presence of a supervisor and his instructions to the examiners were improper. The court agrees that the fourth question posed to the candi-

dates added no new qualities to the examination and does not require setting aside the result of the test. However, we are divided on the effect of the briefing instructions given the examiners. Before starting the oral examination the briefing supervisor described the testing procedure, the questions, the job descriptions and the grading system. In discussing the grading system he told the three prospective examiners: " Then, we let you do the rating, by yourselves, without discussing it. When you've each put down a tentative rating, I say tentative because sometimes on reflection you may decide to change it, but a tentative rating. Then you discuss it and at that point, you're going to find out, I probably, I may get up or squint or take a look and see what you put down to see if there's any conflict. And I might explain that you do have a conflict and I might say to the person who's way at one end, rather than try to change his opinion if the guy is unacceptable, say well sure he's unacceptable but for the sake of unity, or, I guess I'd appeal to unity to start with, could you bring your failing marks a little closer to passing, which would allow you your own personal judgment but still wouldn't severely sway the judgment of the panel rating. Tactfully, I hope that I can bring the particular examiner, or maybe he could talk in such a way that he could bring one of the other examiners around to his way of thinking, so that someone else would change." These are the remarks that the dissenters find invalidated the test results. They constituted but one paragraph of a lengthy briefing of the highly qualified experts who were inexperienced examiners. The supervisor suggested the obvious to them — that a pass or fail mark should not be the consequence of a total point score which was determined by one of the three examiners awarding a score that was grossly out of line with the evaluation of his colleagues, and that a discussion following the tentative scoring would be helpful in that it would require the examiners to test the objectivity of their tentative scores before giving a final score. There is nothing inherently wrong in the instructions or in the examiners re-evaluating their scores as long as the supervisor's judgment was not imposed on any examiner, and the final reported score represented a fair estimation by the individual examiner of the candidate's ability. Contrary to the statement in the dissent, there is no evidence that the supervisor interjected himself into the oral examination or that he participated in any way in the ultimate score given petitioner. All three examiners found petitioner unqualified for the position of Chief Psychologist. Their total scores were within a relatively narrow range, although they evaluated the candidate differently with respect to different qualities. Two of the cases relied on the dissent are distinguishable. In *Matter of Bridgman* v. *Kern* (282 N. Y. 375) a New York City Civil Service Rule prohibiting the examiners from comparing scores was violated and, additionally, an instruction was given that at least one-half of the candidates must fail. In *Matter of Cohen* v. *Fields* (298 N. Y. 235) a majority of the examiners relied upon a written judgment of the candidate by a former employer and failed him because of that report rather than making their own evaluation. The scope of the examination, the questions and the rating system were similar to others approved by earlier court rulings and, therefore proper. (*Matter of Nelson* v. *Board of Examiners of Bd. of Educ. of City of N. Y.*, 21 N Y 2d 408; *Matter of Pearl* v. *New York State Dept. of Civ. Serv.*, 8 Misc 2d 712, affd. 5 A D 2d 739, mot. for lv. to app. den. 5 A D 2d 797, app. dsmd. 4 N Y 2d 905; *Matter of Sloat* v. *Board of Examiners of Bd. of Educ. of City of N. Y.*, 274 N. Y. 367.) Under the general rule the reviewing court may not disturb the discretion of the Civil Service Commission in preparing and grading examinations unless it is shown that the actions of the commission are illegal, arbitrary, or in bad faith; we think the test results

should stand (*Matter of Meaney* v. *Kaplan,* 19 A D 2d 680.) Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott and Simons, JJ., concur; Sweeney and Kane, JJ., dissent and vote to affirm in the following memorandum by Kane, J.: The transcript of the remarks of the briefing session prior to the test given and the presence of the briefer during the test suggest the conclusion that the briefer participated in establishing grades and directly affected the outcome of the examination. Regardless of motives, such type of benevolent collaboration reduces the objectivity of the examiners to the point where it is so diluted that the examination is not competitive. This procedure violates the established rules for oral examination (*Matter of Bridgman* v. *Kern,* 282 N. Y. 375; *Matter of Fink* v. *Finegan,* 270 N. Y. 356). In addition, a reading of the remarks and comments of the examiners after an analysis of the transript of the answers by the examinee, compels the conclusion that ultimate determinations were overwhelmingly subjective by the examiners (*Matter of Cohen* v. *Fields,* 298 N. Y. 235). Admittedly, there are limitations inherent in all oral examinations, but in a field where the very process of testing is an instrument of the profession, grading should be more specific so that it will present an objective valuation capable of review (*Matter of Fink* v. *Finegan, supra*). We, therefore, dissent and would affirm the order of Special Term.