John R. Tenney, J.
In this CPLR article 78 proceeding, the petitioner, Jon K. Holcombe, as District Attorney of Onondaga County, seeks a review of the respondent’s actions. The Personnel Commissioner of Onondaga County has directed that competitive examinations be held for all investigative positions in petitioner’s office. Petitioner seeks to set aside the directive as arbitrary and capricious and for an order declaring the positions as exempt. Petitioner argues that, in the alternative, the examinations proposed are improper.
Investigators in a District Attorney’s office are classified as "police officers”. (CPL 1.20, subd 34, par [g].) To classify all county investigators in the same category regardless of the nature and scope of their work is arbitrary. A criminal investigator has unique duties and responsibilities compared to an investigator for the County Attorney or Welfare Department. Reasonable men could hardly disagree with that conclusion. (48 NY Jur, Public Officers and Employees, § 317, Slavin v McGuire, 205 NY 84.)
Although the question has been raised, the contents of the examination are not an issue. In any event, the courts will not interfere with the wide discretion of the Civil Service Board in preparing examinations. (Matter of Acosta v Lang, 18 AD2d 618; Matter of Meaney v Kaplan, 19 AD2d 680; Matter of Wolf son v Poston, 39 AD2d 971.)
The preparation of the eligibility list is an issue. A general list of investigators for all departments subject to civil service selection rules, could conceivably create serious problems of placement. The persons at the top of the list might be eligible for civil investigation but not qualify for criminal needs. Yet, *700 that might preclude reaching those who were qualified. At the very least, a special list would be required with consideration being given to a noncompetitive classification.
In view of the sensitive nature of the duties of the District Attorney, classification of its staff requires knowledge of its unique function. The District Attorney is a constitutional officer, and is the People’s elected representative to protect the interests of society. His duties go beyond mere law enforcement. He is required to exercise judgment, discretion and wisdom. His role as protector includes shielding the innocent from erroneous or damaging accusation. Thus, there is a duty to protect the confidential nature of all information utilized for investigation.
Such investigations are by their nature highly sensitive. However, they are a prime function of the District Attorney. It is of the utmost importance to the public that the field personnel be directly responsible to him, privy to his confidence and have his complete faith and trust. To ask the District Attorney to have a more distant relationship is to limit him in his ability to perform and be responsive to the people.
With such a close relationship, the District Attorney should have the power to hire and fire confidential personnel. There is no justifiable reason that so sensitive a position be hampered by civil service removal proceedings. The rapid growth of crime requires that top officials be able to act quickly. If a question arises regarding the reliability or trustworthiness of a key official, serious damage could be caused by even the slightest delay.
Somehow, the civil service commissioner has chosen to ignore the special circumstances surrounding the office of the District Attorney. To casually claim that there is no confidential relationship with the investigative staff is failure to understand the problem. It is not just a question of a fair and reasonable ground for a difference of opinion. It is a totally arbitrary analysis of a complicated problem. (Matter of Paroli v Bolton, 57 Misc 2d 952, revd 44 AD2d 557; Matter of Kaplan v O’Connell, 281 App Div 46, affd 305 NY 850; 48 NY Jur, Public Officers and Employees, § 317.) Parenthetically, there are numerous investigative employees listed as exempt or noncompetitive in 4 NYCRR Appendixes 1, 2. In Westchester County all the District Attorney’s investigators are classed as exempt. None are so classed in the Westchester County Attor *701 ney’s office or any other department. On the State level and in the courts (where considered) confidential investigators are generally exempt.
In Matter of Pároli v Bolton (supra), the Appellate Division found that the position of investigator in the Public Defender’s office could be competitive. The Public Defender rarely requires a confidential relationship and is not involved in matters of public policy. There is no justification for using this decision as a precedent for the District Attorney’s office.
Governor Malcolm Wilson upon disapproving Assembly Bill No. 12171 on June 13, 1974, indicated that there would be a sensitivity in relevant local and State civil service authority to the "particularized needs of criminal justice agencies, especially in time of rising crime”. Apparently, that sensitivity has failed to materialize.
Under the circumstances, the court finds that the respondents have acted in an arbitrary and capricious manner in two circumstances:
1. Failing to recognize that investigators in the District Attorney’s office are police officers and cannot be treated in the same manner as civil investigators.
2. Failing to recognize and acknowledge the inherently confidential nature of the District Attorney’s office and the need to maintain a confidential personal relationship between the District Attorney and his investigative personnel.
Therefore, the directive classifying the investigators as competitive is nullified and the examination scheduled is can-celled. This entire matter should be referred back to the commissioner for further determination consistent with the foregoing.