■ In the Matter of HARRY FARKAS, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. —Mahoney, P. J.. Appeal from a judgment of the Supreme Court (Torraca, J.), entered April 6, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission upholding petitioner's rating on an oral civil service examination.

On June 4, 1982, petitioner took an oral test as part of a competitive civil service examination administered by respondent Department of Civil Service for the position of Director of the Bureau of Environmental Radiation in the Department of Health, where petitioner was then employed. Petitioner received a rating of 57% on the oral test, which was below the minimum passing grade of 70%. Accordingly, he was denied placement on the eligible list for the position.

After petitioner exhausted his administrative remedies, he sought judicial review via a CPLR article 78 proceeding. After a lengthy procedural litigation history (see, 124 AD2d 278), Supreme Court ultimately dismissed the petition on the merits. This appeal by petitioner ensued.

Oral examinations have long been sanctioned as part of a competitive civil service examination (see, e.g., Matter of Dixon v Bahou, 67 AD2d 767). Where standards of objectivity have been met, a reviewing court will not substitute its judgment for that of the examiners (see, Matter of Bruno v Le Bow, 95 AD2d 731, 732, affd 60 NY2d 826). The decision of respondent Civil Service Commission will not be disturbed absent a showing of illegality, arbitrary conduct or bad faith (see, Matter of Wolfson v Poston, 39 AD2d 971, 972-973, affd 31 NY2d 826). Moreover, the burden is on the party challenging the Commission's action to come forth with evidence demonstrating improper conduct (Matter of Rosner v Civil Serv. Commn., 38 AD2d 628, 629, lv denied 30 NY2d 482).

Here, petitioner's primary contention is that the examiners asked him only three questions and not four. The examiners' instructions were that the test consisted of three questions. A fourth question could be asked if the candidate was marginal or failing or finished answering the three questions in less

than the 30-minute minimum time period. Petitioner was not a marginal candidate, but was clearly failing after three questions and his examination was beyond the minimum time limit. The use of the fourth question was discretionary with the examiners, and petitioner has failed to establish that the exercise of such discretion was arbitrary, illegal or in bad faith. Further, as noted by respondents, even if petitioner had received a perfect score on the fourth question, he still would not have passed.

Petitioner's remaining contentions are unsubstantiated allegations that the examiners intentionally misjudged the quality of his answers and miscalculated his score for the purpose of failing him on the examination. Petitioner has failed to meet his burden of proving that respondents acted arbitrarily, illegally or in bad faith in conducting or grading his examination.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.