■ In the Matter of PATRICIA CADLE, Appellant, v JUDITH LEVITT, as Personnel Director of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Eve Preminger, J.), entered May 22, 1989, which upheld the determination of the respondent Department of Personnel of the City of New York, rejecting petitioner's challenge to nine questions appearing on the 1986 promotional examination to Captain in the New York City Department of Correction, and which denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner sought to challenge nine questions on a promotional examination (for which she did not receive credit), and also sought a corresponding upgrade on her examination score on the grounds that the challenge questions were unrelated to the duties of a Correction Captain. The subject matter underlying the disputed questions concerned the preparation of unusual incident reports which petitioner argues are solely within the province of an Assistant Deputy Warden, pursuant to Procedural Directive 5000.

Directive 5000 provides that "Field Command Unit Heads, or their designee" shall be responsible for ensuring the preparation of unusual incident reports. Respondents have submitted the affidavits of senior Correction Department personnel, and certain supporting exhibits, including a job analysis survey conducted to assist in the preparation of the promotional exam. The survey had indicated that the most important duties of a Correction Captain included the investigation of unusual incidents and the preparation of reports.

We find that the job analysis survey provided respondents with a reasonable basis to conclude that the preparation of unusual incident reports was directly related to the duties of a Correction Captain, and therefore respondents' action was neither arbitrary nor capricious (see, Matter of Farkas v New York State Dept. of Civ. Serv., 133 AD2d 899). Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.