■ In the Matter of JACQUELINE VANDERMARK-CRAYNE, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. [639 NYS2d 525] —Mikoll, J. P.

On June 19, 1993, petitioner, a Campus Safety Officer II for the University of the State of New York, took a civil service written examination for the position of Campus Safety Supervisory Officer. After passing the written examination, petitioner took the oral examination and was initially notified by respondent Department of Civil Service that she had received a passing score. However, this notification was discovered to be a clerical error and petitioner was thereafter officially notified that she had actually failed the oral examination. Petitioner then instituted an administrative appeal of this result, which was ultimately dismissed by the Civil Service Commission.

Petitioner thereafter commenced this CPLR article 78 proceeding alleging two causes of action. The first alleges that respondents' determination "is arbitrary and capricious and beyond the scope of the authority of [the Department] in that the procedure utilized to promulgate a list for promotion to the position of campus public safety supervising officer was illegal and in violation of the State Constitution". The second claim alleges that petitioner's failing rating on the oral examination was based upon sexual discrimination. In their answer, respondents asserted, *inter alia*, that the petition failed to state a cause of action and, moreover, since the sexual

discrimination claim was never raised on petitioner's administrative appeal, the second claim should be dismissed for failure to exhaust all administrative remedies. Supreme Court dismissed the petition and this appeal followed.

We affirm. In our view, petitioner has failed to meet her burden of showing that respondents acted arbitrarily, illegally or in bad faith in conducting or grading her examination (*see, Matter of Farkas v New York State Dept. of Civ. Serv.*, 133 AD2d 899, 900, *lv denied* 71 NY2d 805). In the absence of factual allegations of an evidentiary nature or other competent proof tending to support petitioner's conclusory allegations of impropriety, Supreme Court properly dismissed her first claim for failure to state a cause of action (*see, supra; see also, Matter of Malik v Berlinland*, 158 AD2d 836, *lv denied* 76 NY2d 704). We also reject petitioner's contention that she was not required to raise her constitutional claim of sexual discrimination in the context of her administrative appeal since this failure resulted in the absence of a factual record that could be reviewed on appeal (*see, Matter of Delson v Regan*, 190 AD2d 984, 985; *see also, Matter of Schulz v State of New York*, 86 NY2d 225, 232).

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.