■ In the Matter of BOARD OF EDUCATION OF THE ROCKY POINT UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v GORDON M. AMBACH, as Commissioner of Education, Appellant-Respondent, and TONDA LAMB, as Parent and Natural Guardian of DAREN LAMB, an Infant, Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term (Williams, J.), entered January 17, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education ordering that a handicapped student be promoted in grade. In March, 1982, petitioner Board of Education of the Rocky Point Union Free School District tested Daren Lamb, the infant son of respondent Tonda Lamb, and found that he had visual-motor perceptual difficulties. On March 26, 1982, petitioner's committee on the handicapped (COH) determined that Daren was a handicapped child who should receive appropriate remedial services. Shortly thereafter, petitioner's building principal decided that Daren should repeat the fourth grade. This decision was made in accordance with petitioner's retention policy which included consultation with the student's teacher, school psychologist, guidance counselor and reading specialist. On April 28, 1982, the principal sent the COH chairperson a letter which detailed the basis of the decision to retain Daren. On August 18, 1982, pursuant to section 4402 (subd 1, par b, cl [3]) of the Education Law, petitioner's COH reviewed and evaluated all relevant information and decided that retention was in Daren's best interest. The decision to retain Daren was arrived at after an evaluation of report card grades, standardized test scores, psychological reports, staff meetings and reports by the principal and Daren's fourth grade teacher. Daren received nominally passing grades, but if they were transposed to grade level, he would have received failing marks in the major subject areas. On August 31, 1982, petitioner accepted the recommendation of its COH that Daren be retained in the fourth grade during the 1982-1983 school year. Respondent Lamb, Daren's mother, believed that her son should have been promoted to the next grade level and, accordingly, appealed to respondent Commissioner of Education. On November 8, 1982, the commissioner sustained the appeal on the sole ground that Daren had received nominally passing grades at the conclusion of the 1981-1982 school year. Petitioner commenced the instant CPLR article 78 proceeding challenging the commissioner's determination. Special Term annulled the commissioner's determination and remanded the matter for a redetermination based on no single criterion, holding that the commissioner failed to follow his own regulation (8 NYCRR 200.4 [b] [2] [iv]) which requires that, "School Districts shall ensure that * * * no single procedure is used as the sole criterion for determining an appropriate educational program for a child". This appeal by respondent commissioner ensued. Petitioner cross-appealed from that part of Special Term's judgment which held that the commissioner complied with article 89 of the Education Law. Respondent Lamb did not appeal. We conclude that the case is moot and that there is no sufficient reason for this court to consider the

merits of the appeal. When respondent commissioner appealed, he invoked the automatic stay provided for in CPLR 5519 (subd [a], par 1). That stay would have had the effect of removing any impediment to the advancement of Daren to the fifth grade. However, the automatic stay was vacated by this court on March 18, 1983 on petitioner's motion (CPLR 5519, subd [c]). The reinstated order of Special Term had the effect of causing Daren to complete his second year in fourth grade. He will enter fifth grade in September, 1983. Accordingly, the rights of the parties cannot be affected by the determination of this appeal. We also conclude that the question presented, i.e., did respondent commissioner act arbitrarily by failing to follow his own regulation (8 NYCRR 200.4 [b] [2] [iv]) in annulling petitioner's order, fails to invoke any exception to the mootness doctrine. While there is a slim possibility of a likelihood of repetition, either between the parties or other members of the public, the factual pattern is not a phenomenon typically evading review nor is there a showing of significant or important questions not previously passed upon (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707). While factual circumstances similar to those of this appeal may recur, the issues arising thereupon will not necessarily evade review. Unlike the situation presented in this case, similar questions regarding the advancement of pupils are determined during the school year. Here the school year in question ended in June, 1983, three months before this matter reached this court and after Daren had completed a second year in the fourth grade. The issue is now moot. Accordingly, we do not reach petitioner's cross appeal. Cross appeals dismissed as moot, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.