In the Matter of MARSHA W. W., Appellant, v CAPITAL DISTRICT PSYCHIATRIC CENTER, Respondent. — Appeal from an order of the Supreme Court at Trial Term (Cholakis, J.), entered January 9, 1984 in Albany County, which

denied petitioner's application pursuant to section 9.39 of the Mental Hygiene Law for release from confinement at the Capital District Psychiatric Center. ¶ Some time on January 2, 1984, petitioner was taken in handcuffs from the Schenectady Battered Women's Shelter to Ellis Hospital by the police. Apparently, shortly after her arrival there, she was transferred to respondent where she was admitted under the emergency provision of section 9.39 of the Mental Hygiene Law (all statutory references are to the Mental Hygiene Law). On the following day, petitioner, in the hope of effecting her release and thereby gaining her freedom, petitioned for a court hearing pursuant to the provisions of subdivision (a) of section 9.39. A hearing was held on January 6, 1984. Trial Term, after hearing the testimony of petitioner's psychiatrist and her sister, concluded that petitioner was suffering from a mental illness which required medical treatment. In an oral decision from the Bench, the court went on to conclude that although the requirements to be met upon her admission were not in issue, petitioner's admission was improper, but that the intent of the law would be served by ordering her retention. Thus, on its own motion, the court converted the matter to an application for retention and ordered petitioner to be retained for a period of 15 days from the date of her January 2, 1984 admission. ¶ Petitioner instituted this appeal on January 12, 1984, and, when the instant order expired on January 17, 1984, respondent moved to dismiss the appeal as moot. This court denied the motion without prejudice to its being raised again on the argument of the appeal. ¶ Inasmuch as petitioner has been released, the rights of the parties will not be affected by our determination and the interests of the parties are no longer an immediate consequence of the judgment, the matter is moot. ¶ Appeal dismissed, as moot, without costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.