■ In the Matter of ROBERT WEAVER, Respondent, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Appellants, and BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF TROY, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered May 8, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education rescinding petitioner's appointment as head boys' basketball coach at Troy High School for the 1983-1984 school year.

Petitioner was appointed by respondent Board of Education of the Enlarged City School District of the City of Troy (board) to serve as head boys' basketball coach at Troy High School for the 1983-1984 season. Respondent John A. Moser, Jr., a former head boys' basketball coach at Troy High School who had sought the 1983-1984 appointment, commenced an administrative proceeding to challenge petitioner's appointment. Moser alleged that petitioner was not eligible for appointment as head boys' basketball coach because he was not a certified teacher and there were certified teachers with coaching qualifications and experience available (see 8 NYCRR 135.4 [c] [7] [i] [c] [3], such as Moser himself. Respondent Commissioner of Education (commissioner) agreed with this contention and concluded that petitioner was ineligible for appointment as the head basketball coach for 1983-1984 under 8 NYCRR 135.4 (c) (7) (i) (c) (3). The commissioner also concluded, sua sponte, that petitioner was not eligible to coach pursuant to 8 NYCRR 135.4 (c) (7) (i) (c) (4) because that regulation applies solely to coaches with continuous service in public school since September 1, 1974, and petitioner's experience was in nonpublic schools. Thus, the commissioner annulled the board's appointment of petitioner as head boys' basketball coach for 1983-1984.

Petitioner then commenced this proceeding to annul the commissioner's determination and to be reinstated as head boys'

basketball coach at Troy High School during 1983-1984. A temporary restraining order was granted to petitioner, who was thus able to coach the Troy High School boys' basketball team during the 1983-1984 season. After the season was over, Special Term concluded that the commissioner's interpretation of the regulations was arbitrary and granted the petition. This appeal by the commissioner and Moser followed.

The parties devote substantial attention to the question of whether this appeal is moot. In light of the facts that the 1983-1984 scholastic basketball season is over and that petitioner has resigned his position as head boys' basketball coach at Troy High School, the rights of the parties will not be affected by our determination and the interests of the parties are no longer an immediate consequence of the judgment. Thus, the matter is moot (see, e.g., *Matter of Marsha W. W. v Capital Dist. Psychiatric Center,* 103 AD2d 988). We further conclude that there is insufficient reason to consider the merits of this case under the exception to the mootness doctrine because it is not evident that the regulations in question will typically evade review (see, e.g., *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Matter of Board of Educ. v Ambach,* 97 AD2d 600, 601).

Appeal dismissed, as moot, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.