■ In the Matter of CHRISTINE Q. Q., Appellant, v CAPITAL DISTRICT PSYCHIATRIC CENTER, Respondent. — Weiss, J. Appeal from an order of the Supreme Court at Trial Term (Conway, J.), entered December 13, 1984 in Albany County, which dismissed petitioner's application pursuant to Mental Hygiene Law § 9.39 for release from respondent's confinement.

On the evening of November 26, 1984, petitioner was involuntarily admitted to respondent under the emergency provision of Mental Hygiene Law § 9.39. On December 6, 1984, petitioner, in an effort to obtain her release, petitioned for a court hearing pursuant to Mental Hygiene Law § 9.39 (a). A hearing date was set for December 11, 1984. In the interim, petitioner was involuntarily admitted pursuant to Mental Hygiene Law § 9.27, which provides for involuntary commitment upon the certification of two examining physicians and an application for admission executed by one of a number of qualified persons listed in the statute. As a result of this intervening admission, Trial Term held that petitioner's application for a hearing was moot, since the emergency admission under section 9.39 had been superseded by the involuntary admission under section 9.27. Petitioner filed her notice of appeal from this dismissal on December 13, 1984 and was subsequently released from confinement on December 21, 1984. Respondent's motion to dismiss the appeal as moot was denied without prejudice to the issue being raised on appeal.

Inasmuch as petitioner is no longer being confined by respondent, this appeal is moot (*see, Matter of Marsha W. W. v Capital Dist. Psychiatric Center,* 103 AD2d 988; *People ex rel. Bousquet v Katz,* 83 AD2d 533, *affd* 55 NY2d 1025).

Appeal dismissed, as moot, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.