◼ ANTHONY DANIEL et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered July 17, 1985 in Albany County, which granted defendants' motion to dismiss the amended complaint on the ground of mootness.

Plaintiffs, on behalf of themselves and other members of the Professional, Scientific and Technical Unit employed as teachers and counselors at various correctional facilities, seek declaratory and injunctive relief as a result of defendants' directive which ordered plaintiffs to perform security functions at correctional facilities on December 12, 1984, the date scheduled for a promotional examination to be attended by nearly 60% of the correction officers in the State. Special Term granted defendants' motion to dismiss the action as moot. We affirm.

The power of the courts to declare the law is limited by "the principle which ordinarily precludes courts from considering questions which, although once live, have become moot by passage of time or change in circumstances. In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). Since the event that gave rise to this controversy has occurred and is completed, the rights of the parties would not be affected by our determination and the interest of the parties is no longer an immediate consequence of the judgment (see, e.g., Matter of Weaver v Ambach, 107 AD2d 926; New York Public Interest Research Group v Regan, 91 AD2d 774, lv denied 58 NY2d 610). Although there exists an exception to the mootness doctrine where certain factors are present (see, Matter of Hearst Corp. v Clyne, supra, p 714), we are of the view that the exception is not applicable here since the record establishes neither the likelihood of repetition nor that the case presents a phenomenon typically evading review. Thus, assuming that plaintiffs have raised substantial and novel issues, Special Term, nevertheless, properly dismissed the action as moot.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.