■ In the Matter of ROBERT L. SCHULZ, Appellant, v LAKE GEORGE PARK COMMISSION, Respondent. (Proceeding No. 1.) In the Matter of ROBERT L. SCHULZ, Appellant, et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. (Proceeding No. 2.)—Yesawich Jr., J. Appeals (1) from an amended judgment of the Supreme Court (Dier, J.), entered October 10, 1990 in Warren County, which dismissed petitioner's application, in a combined proceeding (No. 1) pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, prohibit respondent from taking further action with respect to certain wastewater

management regulations, and (2) from a judgment of said court (Hughes, J.), entered May 20, 1991 in Albany County, which, in a combined proceeding (No. 2) pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition for lack of standing.

In November 1988, respondent Lake George Park Commission (hereinafter the Commission) adopted an emergency rule (see, State Administrative Procedure Act § 202 [6]) declaring the Lake George Park (hereinafter the Park) in Warren, Washington and Essex Counties to be a permanent zone and placing a moratorium on any construction, expansion or conversion of any structure or facility involving the discharge of wastewater within the Park without a permit issued by the Commission. Following public hearings regarding the emergency moratorium and several readoptions of the emergency rule, the Commission finally adopted and put into effect permanent wastewater management regulations (6 NYCRR subpart 646-3) in September 1990, thus repealing the last extension of the emergency moratorium rule.

In May 1990, petitioner Robert L. Schulz (hereinafter petitioner), a resident of the Park, commenced proceeding No. 1, a combined CPLR article 78 proceeding, declaratory judgment action and taxpayer action pursuant to General Municipal Law § 51. He alleged, inter alia, that the Commission abused its discretion in declaring an emergency and using emergency procedures and in failing to comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) in making the wastewater and stormwater management regulations. According to petitioner, the Commission utilized the emergency rule to pressure the public to accept wastewater and stormwater regulations within the Park. The Commission answered that, among other things, the petition failed to allege facts upon which relief could be granted. Thereafter, Supreme Court denied petitioner's motion for preliminary and permanent injunctions prohibiting any action pursuant to the adopted rule until a final environmental impact statement had been issued. Supreme Court then dismissed the petition, finding that the Commission clearly had the authority to declare an emergency situation and impose a moratorium and further that the Commission had complied with the requirements of SEQRA and the State Administrative Procedure Act. Petitioner appealed in proceeding No. 1.

While that appeal was pending, petitioner and two other residents of the Park commenced proceeding No. 2. This latter proceeding, a combined CPLR article 78 proceeding and de-

claratory judgment action, sought (1) a declaration that the stormwater and wastewater management regulations are null and void, and (2) an injunction prohibiting all action in furtherance of or in compliance with those regulations until a final environmental impact statement is issued. Supreme Court denied the Commission's subsequent motion to change the venue of the proceeding; no appeal was taken from that order. Thereafter, prior to answering, respondents successfully moved to dismiss the petition for lack of standing. Only petitioner has served a notice of appeal in proceeding No. 2. This court granted a motion to hear the appeals together.

Petitioner claims that although the emergency moratorium was repealed in September 1990 when permanent wastewater management regulations went into effect, rendering the controversy over the validity of the emergency moratorium moot *(see, Daniel v Coughlin,* 119 AD2d 922, 923; *Dune Assocs. v Town Bd.,* 91 AD2d 968, 969), the broader issue of the propriety of State agencies' ostensibly increasing resort to emergency rule-making procedures, assertedly without justification, remains viable and falls within the well-recognized exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Matter of Schulz v State of New York,* 175 AD2d 356, *lv denied* 78 NY2d 862). Petitioner, however, has not shown a significant combination of the required factors *(see, Matter of Cerniglia v Ambach,* 145 AD2d 893, 895, *lv denied* 74 NY2d 603). Though he claims that this is an issue typically evading review, he offers no satisfactory explanation for the time that elapsed between the original imposition of the moratorium via emergency procedures in November 1988 and his commencement of proceeding No. 1 in May 1990, some 18 months later; manifestly, petitioner could have pursued this matter more diligently *(see, Marotta v Village of Keeseville,* 170 AD2d 862, 863). And, while the use of emergency rules imposing construction moratoriums is likely to recur, whether such moratoriums are justified is a fact-sensitive inquiry to be evaluated on a case-by-case basis *(see, e.g., Matter of Board of Visitors—Marcy Psychiatric Center v Coughlin,* 60 NY2d 14, 20; *Matter of Long Lake Energy Corp. v Public Serv. Commn.,* 148 AD2d 84, 90, *lv denied* 75 NY2d 701). Hence, proceeding No. 1 is moot and does not come within the exception to the mootness doctrine.

As for proceeding No. 2, which challenges the permanent wastewater and stormwater regulations promulgated by the Commission, we agree with petitioner that Supreme Court erred in dismissing it for lack of standing. Claiming environ-

mental injury as a resident of and property owner in the Park wherein the wastewater and stormwater management regulations are in effect, petitioner is "presumptively adversely affected by the violation of SEQRA requirements [so] that no [allegation of specific environmental harm] is necessary" *(Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 526, 527-530; *see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413-414). This rationale alone furnishes petitioner with standing. Accordingly, proceeding No. 2 was improperly dismissed.

Mikoll, J. P., Crew III and Harvey, JJ., concur. Ordered that the amended judgment is affirmed, without costs. Ordered that the judgment is reversed, on the law, without costs, motion denied and respondents are permitted to serve an answer within 20 days of the date of this court's decision.