In the Matter of MAPLE LANE ASSOCIATES, Appellant, v TOWN OF LIVINGSTON et al., Respondents. [603 NYS2d 70] — Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered April 8, 1992 in Columbia County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town Board of the Town of Livingston adopting Local Laws, 1991, No. 3 of respondent Town of Livingston and declared said local law valid.

Petitioner, owner of a 100-unit mobile home park in the Town of Livingston, Columbia County, proposed to expand its

operation onto adjacent property and thereby create a park containing a total of 354 lots on approximately 127 acres of land. In November 1988, petitioner applied for a permit authorizing the expansion. Prior to final action upon petitioner's application, respondent Town Board of the Town of Livingston (hereinafter respondent) imposed an interim moratorium on construction and the review and approval of applications for development within the Town and undertook a proposed revision of the Town master plan. In that connection, respondent engaged Morris Associates Engineering Consultants to conduct a survey of Town residents in order to assess their opinions concerning the Town's needs and its future and to prepare a report on the master plan revision, including a proposed land use plan, an environmental assessment form and, following a declaration that the proposed revision constituted a type I action under the State Environmental Quality Review Act (hereinafter SEQRA) (ECL art 8; 6 NYCRR 617.2 [ii]; 617.12) and respondent's designation as lead agency (6 NYCRR 617.2 [v]; 617.6 [b] [1]), draft and final generic environmental impact statements. On January 17, 1991, respondent adopted a new master plan and zoning ordinance as Local Law No. 3 of 1991 (hereinafter the local law) and a SEQRA findings statement pursuant to 6 NYCRR 617.9 (c).

Alleging that respondent failed to take a hard look at areas of environmental concern and failed to provide for the public health, morals and general welfare, petitioner then commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to annul the determination and a declaration that the local law is invalid. Supreme Court found that petitioner lacked standing and, in any event, did not demonstrate a violation of SEQRA or that respondent failed to provide for the public health, morals and general welfare. Supreme Court accordingly granted judgment dismissing the petition and declaring the local law to be valid. Petitioner appeals and we affirm. Even assuming that, as a landowner in the municipality adopting the master plan revisions and zoning ordinance, petitioner had standing to bring the proceeding *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Schulz v Lake George Park Commn.,* 180 AD2d 852, 854-855), we nonetheless agree with Supreme Court's determination on the merits.

Initially, we reject the contention that respondent failed to take the requisite "hard look" at the impact the local law would have on low-income and affordable housing *(see, Matter*

*of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373, 383). Judicial review of a lead agency's SEQRA determination is to be conducted on a case-by-case basis so as to "ensure that, in light of the circumstances of a particular case, the agency has given due consideration to pertinent environmental factors" *(Akpan v Koch,* 75 NY2d 561, 571). Notably, "[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to 'weigh the desirability of any action or [to] choose among alternatives' " *(supra,* at 570, quoting *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416). Viewed in that light, respondent clearly did take a hard look at the need for housing in general and affordable housing in particular. As earlier noted, Town residents participated in an extensive survey in order to ascertain current population, income and housing characteristics and the residents' desires for the future. The master plan revision, which respondent was entitled to consider as an underlying study, itself gave considerable attention to demographic statistics and trends, prevailing economic factors, the number of Town-wide and regional housing units, including mobile homes, and housing costs. Despite the fact that the data showed no compelling need for more affordable housing in the Town and, in fact, a current surplus of mobile home park lots, the local law makes generous provision for affordable housing. Of greatest relevance here, the law permits existing mobile home parks to expand once, by up to 50% of the approved spaces legally existing at the time of adoption of the ordinance; it also provides for other forms of affordable housing, including accessory apartments, cluster subdivisions, condominiums and two-family and multifamily dwellings.

Although petitioner is primarily, if not exclusively, concerned with the promotion of affordable housing, particularly mobile homes within mobile home parks, it must be remembered that the local law is a comprehensive zoning ordinance in which affordable housing is but one of many appropriate components. Accordingly, although petitioner's myopic approach is understandable, respondent was required to take a broader view of the needs of the Town residents, giving due consideration to the availability of affordable housing, but not to the exclusion of other legitimate concerns *(see, Akpan v Koch, supra).*

As a final matter, the conclusory allegations contained in the affidavit of petitioner's expert are insufficient to overcome the strong presumption of constitutionality of the zoning

ordinance *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131). We conclude that, in enacting the local law, respondent has provided a properly balanced and well-ordered plan and has given consideration to regional needs and requirements *(see, Berenson v Town of New Castle,* 38 NY2d 102, 110).

We have considered and rejected petitioner's remaining contentions.

Mikoll, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.