■ In the Matter of THOMAS GARCIA, Appellant, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [614 NYS2d 450] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kane, J.), entered March 31, 1993 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services directing that petitioner be placed in administrative segregation.

Petitioner, formerly an inmate at Sullivan Correctional Facility in Sullivan County, appeals Supreme Court's dismissal of his CPLR article 78 proceeding in which he sought

review of a determination made in September 1992 to place him in administrative segregation. Petitioner claims that respondents' decision to segregate him from the general prison population simply because he was facing a possible death sentence in California, which was seeking his return for trial, was wrong. He maintains that the record of the administrative hearing contains no evidentiary basis for a finding that his continued presence within the general prison population posed a risk to the safety and security of the facility. Inasmuch as petitioner was actually transferred to California in January 1994, however, the appeal is now moot, for the circumstances providing the grounds for respondents' determination no longer exist, and if petitioner is returned to New York—a possibility which may not eventuate, given that his New York sentence, which continues to run while he is in the custody of California, will expire in August 1994 (see, CPL 580.20, art V [f])—a new determination will need to be made based on the circumstances prevailing at that time.

Petitioner's suggestion that he may again be subjected to segregation if he is returned to New York while the California charge is still pending amounts to no more than bald speculation. And, as this is not a situation where a prisoner has been charged with disciplinary violations or where segregation was imposed as a consequence of any asserted misconduct—indeed, the Hearing Officer acknowledged at the hearing that petitioner had "a good reputation" within the facility and that his prior behavior while confined there was not at issue—review is not necessary to assure that his record remains free of improperly obtained findings of misconduct (cf., Matter of Grant v Senkowski, 146 AD2d 948, 949; see also, Matter of Graham v Scully, 113 AD2d 990, 991).

Lastly, we are unpersuaded that the issues raised herein merit review despite the finding of mootness (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). That administrative segregation decisions are subject to review in accordance with a substantial evidence standard is well established (see, e.g., Matter of Robinson v Leonardo, 179 AD2d 951, lv denied 79 NY2d 759), and hence does not present a novel issue, and the question of whether that standard has been met in any particular case requires a "fact-sensitive inquiry" (Matter of Schulz v Lake George Park Commn., 180 AD2d 852, 854), such that any determination made herein would not necessarily be applicable to a future controversy. Moreover, we are not convinced that there is, in fact, a likelihood—as opposed to mere possibility—that the peculiar circumstances that

prompted respondents' determination will recur *(compare, People ex rel. Leonard HH. v Nixon,* 148 AD2d 75, 78; *see also, Matter of Amnesty Am. v Jackson,* 202 AD2d 416).

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.