■ In the Matter of BRADFORD APPLEGATE, Appellant, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [640 NYS2d 825] —Appeal from a judgment of the Supreme Court (Connor, J.), entered April 11, 1995 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services restricting petitioner's access to certain legal materials.

Prior to his transfer to another correctional facility, petitioner was an inmate law clerk at Shawangunk Correctional Facility in Ulster County. While at that facility, petitioner commenced this CPLR article 78 proceeding challenging an administrative determination prohibiting him from taking another inmate's legal materials back to his cell. This determination was made pursuant to the Department of Correctional Services' policy requiring inmate law clerks to conduct their legal assistance activities in the law library. Petitioner asserted, *inter alia*, that this policy was unconstitutional in that it unreasonably interfered with an inmate's access to the courts. Supreme Court rejected this argument and dismissed the petition. Petitioner appeals.

Inasmuch as petitioner has been transferred to another correctional facility and is no longer an inmate law clerk, we find that his challenge is now moot (*see, Matter of Cortez v Wilmot*, 115 AD2d 140). Petitioner has failed to articulate, and we are unable to discern, any exception to the mootness doctrine. Accordingly, this appeal must be dismissed.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.