■ In the Matter of EDWARD McKENNA, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [666 NYS2d 80] —Appeal unanimously dismissed without costs. Memorandum: On three occasions, respondent's mailroom personnel at Attica Correctional Facility (Attica) opened petitioner's privileged mail in violation of 7 NYCRR 721.3 (b) (1) (iii) (a). While at Attica,

petitioner commenced this CPLR article 78 proceeding seeking an order directing that respondent's personnel cease opening his privileged mail outside of his presence. Supreme Court dismissed the petition.

Because petitioner has been transferred to another correctional facility, his mail will no longer be opened at Attica. Therefore, he is no longer aggrieved and his appeal is moot (*see, Matter of Applegate v Coughlin,* 226 AD2d 848, *lv denied* 88 NY2d 810; *Matter of Garcia v Kuhlmann,* 205 AD2d 1025; *Matter of Cortez v Wilmot,* 115 AD2d 140). We reject the contention of petitioner that the facts of this controversy bring it within an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Matter of Garcia v Kuhlmann, supra,* at 1026-1027). The improper opening of petitioner's mail at the Attica mailroom will not be repeated because petitioner has been transferred. Further, the opening of privileged mail is not an issue that typically evades review because the grievance process is available to petitioner at any correctional facility to which he may be transferred. Moreover, the improper opening of petitioner's mail on three occasions does not present a substantial and novel issue.

Finally, because the material appended to petitioner's brief is not part of the record, we have not considered it (*see, Fisk v Slye,* 234 AD2d 983). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.