■ In the Matter of James McMoore, Appellant, v Gary Greene, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [819 NYS2d 596]—

Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Berke, J.), entered June 24, 2004 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted

respondents' motion to dismiss the petition, and (2) from an order of said court, entered September 20, 2004, which denied petitioner's motion for reconsideration.

Prior to his transfer to another correctional facility, petitioner was an inmate at Great Meadow Correctional Facility in Washington County. While there, he unsuccessfully requested permission from prison administrators to permit an organization of which he was a member to hold a fundraiser. He then commenced this CPLR article 78 proceeding in the nature of mandamus to compel. The proceeding was dismissed based on his failure to exhaust administrative remedies, prompting this appeal.

Inasmuch as petitioner has been transferred to another correctional facility, his present challenge to the denial of his requests to hold a fundraiser at Great Meadow is moot (see e.g. *Matter of Applegate v Coughlin*, 226 AD2d 848 [1996], *lv denied* 88 NY2d 810 [1996]; *Matter of Thurman v Kelly*, 127 AD2d 993 [1987]; *compare Matter of Doe v Coughlin*, 71 NY2d 48, 52 [1987], *cert denied* 488 US 879 [1988]). Petitioner claims, among other unpersuasive arguments, that this matter involves an exception to the mootness doctrine because he is still within the custody of the Department of Correctional Services and might one day be transferred back to Great Meadow. We are unpersuaded (see *Matter of Johnson v Goord*, 289 AD2d 625 [2001], *appeal dismissed and lv denied* 97 NY2d 723 [2002]). In any event, we find that Supreme Court properly dismissed the proceeding for his failure to exhaust administrative remedies (see *Matter of Roberts v Coughlin*, 165 AD2d 964, 965-966 [1990]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.