■ In the Matter of RANDOLPH ROSSI, Appellant, v WILLIAM LAPE, as Superintendent of Coxsackie Correctional Facility, Respondent. [916 NYS2d 246]—Mercure, J.P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 22, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) two determinations of the Central Office Review Committee denying petitioner's grievances, and (2) a determination of respondent denying petitioner's request to establish a Special Purpose Organization.

Prior to his transfer from Coxsackie Correctional Facility in Greene County, petitioner filed two grievances stemming from respondent's alleged interference with his right to practice his Rastafarian faith. Ultimately, those grievances were denied by the Central Office Review Committee. In addition, respondent denied petitioner's application for permission to establish a Special Purpose Organization in order to raise funds to support certain activities of the Rastafarian community at Coxsackie. That denial was similarly upheld on administrative appeal, prompting this CPLR article 78 proceeding challenging the denial of both grievances and the application to establish a Special Purpose Organization. Supreme Court dismissed the petition finding that there was a rational basis to deny petitioner's grievances and that, with respect to his application, he had failed to exhaust his administrative remedies. Petitioner now appeals.

Inasmuch as petitioner has been transferred to another correctional facility, his challenge to the determinations denying his grievances and application to hold a fundraiser are moot (see *Matter of Ortiz v Simmons*, 67 AD3d 1208, 1209 [2009]; *Matter of Bermudez v Fischer*, 55 AD3d 1099, 1100 [2008], *lv denied* 11 NY3d 714 [2009], *cert denied* 558 US —, 130 S Ct 111 [2009]; *Matter of McMoore v Greene*, 31 AD3d 1007, 1008 [2006], *lv denied* 7 NY3d 717 [2006]). Furthermore, we reject petitioner's argument that the exception to the mootness doctrine is applicable here.

Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs. **[Prior Case History: 25 Misc 3d 1233(A), 2009 NY Slip Op 52397(U).]**