■ NEW YORK PUBLIC INTEREST RESEARCH GROUP, INC., et al., Appellants, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 22, 1981 in Albany County, which dismissed plaintiffs' complaint in a taxpayer action pursuant to article 7-A of the State Finance Law on the ground that said action was moot. We are called upon today to determine that future Governors, Comptrollers and Commissioners of Taxation and Finance will be likely to repeat, in years to come, the 1981 issuance of scrip in payment of wages to State employees in the absence of legislative appropriation bills and timely enactment of a budget, in alleged violation of constitutional and statutory proscriptions. For the reasons stated, we decline to do so. Because Governor Carey and the Legislature reached an impasse and failed to enact a budget by April 1, 1981, the Comptroller paid wages to State employees in the form of "scrip", which consisted of imprinting upon payroll checks a legend characterizing the checks as non-negotiable "statements of net earnings" together with a form of assignment of the amount employees received in favor of the payor, Key Bank, N.A. The bank did not simultaneously debit any of the State's accounts, but was repaid the total it paid out after the budget was enacted on May 12, 1981. On April 27, 1981, during the impasse between the Governor and the Legislature, plaintiffs commenced this action seeking a judgment pursuant to CPLR 3001 declaring that the scrip system "as presently constituted" is unconstitutional, and for a permanent injunction against the issuance of scrip to State employees. By order to show cause, plaintiffs also sought a temporary injunction. Special Term granted defendants' cross motion to dismiss the complaint holding that the issue had become moot. That court rejected plaintiffs' contention that the matter was of significant public concern, likely to recur, and evading review. We agree. Plaintiffs erroneously rely upon *Matter of Hearst Corp. v Clyne* (50 NY2d 707) to support their contention that Special Term erred in dismissing their complaint. *Matter of Hearst Corp.* reminds us of the fundamental principle of our jurisprudence "which ordinarily precludes courts from considering questions which, although once live, have become moot by passage of time or change in circumstances. In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne, supra*, p 714). On the facts of the

* The New York Constitution (art VII, § 7) states, in part, that, "[n]o money shall ever be paid out of the state treasury or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law".

instant case, we conclude that the parties in this lawsuit cannot be affected by the determination of this appeal and it is therefore moot. On May 11 and 12, 1981, appropriation bills for the 1981-1982 fiscal year were enacted by the Legislature and with them, the new budget, after which scrip was no longer issued. The controversy giving rise to this lawsuit is over. Only if it may be found that an exception to the doctrine of mootness is present, may the courts review important and recurring issues, which by virtue of their relatively brief existence would be rendered otherwise nonreviewable (see *Roe v Wade*, 410 US 113, 115). Three common factors must exist to trigger an exception to the doctrine: (1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715, *supra*). We are persuaded that the case before us fails to pass this test. The term of office of Governor Hugh L. Carey expires December 31, 1982. It is highly unlikely he will ever again be the chief executive of the State charged with signing its budget. James Tully has resigned and is no longer Commissioner of Taxation and Finance. Comptroller Edward Regan has, as the record disclosed, publicly declared that he will not issue scrip in future years. Similarly in the record, there is a written opinion from Attorney-General Robert Abrams in which he has advised the Comptroller against the issuance of scrip. It would ill behoove this court to here hold extant the exception to the doctrine of mootness, for by such determination we would have to be clairvoyant and presume that a new Governor, a new Tax Commissioner and the incumbent re-elected Comptroller and their respective successors will not only encounter lengthy budget impasses in future years, but also, in addition, issue scrip in payment of wages to State employees. We are not prepared to make this prediction. Plaintiffs have been able to point to but one other instance of the issuance of scrip since April 20, 1777, when the government of this sovereign State originated. We cannot say this is an event likely to recur. Moreover, adequate remedies exist for these, or any other plaintiffs, to seek to enjoin State officers who may, in the future, decide to issue scrip. In the totality of the circumstances, we hold that Special Term correctly dismissed the complaint as moot. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.