■ In the Matter of HARRY FARKAS, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered December 15, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review an oral civil service test conducted June 4, 1982 and the rating given petitioner for that test. ¶ The question presented on this appeal is whether the proceeding is moot by virtue of petitioner's having become ineligible for the position for which he sought to qualify by civil service examination due to his mandatory retirement at the age of 70 years. We conclude that the proceeding is moot and that Special Term correctly dismissed the petition on that basis. ¶ Petitioner was employed by the New York State Department of Health as an associate radiological health engineer. On June 4, 1982, he took an oral civil service examination for the position of director of the Bureau of Environmental Radiation. He received a failing score on that test. He obtained a review of his test and scoring complaints by the Civil Service Commission. The commission found no "manifest" error and denied his request to appeal his test rating by letter dated April 14, 1983. ¶ Petitioner retired from State service on March 31, 1983, having attained the mandatory retirement age of 70 (Retirement and Social Security Law, § 70, subd b). He commenced this CPLR article 78 proceeding on July 18, 1983, seeking to compel respondents to raise his examination grade to a passing level and to place his name on the eligible list for the position which he sought. Petitioner claims this relief "would provide partial remedy for the humiliation and injury to my reputation as a professional engineer caused me by respondents' misrepresentation of me as a failure in the civil service examination". Petitioner also requested that Special Term compel correction of all errors and irregularities in the conduct of the examination and declare that oral exams are unconstitutional. Respondents, before answering, moved to dismiss the petition on the grounds of mootness and because there was another proceeding pending between the parties. ¶ Special Term ruled that since petitioner cannot receive an appointment from the eligible list because of his retirement, his actual test rating and his eligibility present only a moot question and dismissed the petition. Special Term ruled correctly. Petitioner did not request appointment to any position, claim any right to such an appointment, or request back pay or any money damages. The proceeding has properly been declared moot because petitioner has reached mandatory retirement age and retired (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). There is no reason for appellate review of this judicially moot controversy (see *New York Public Interest Research Group v Regan,* 91 AD2d 774, mot for lv to app den 58 NY2d 610). ¶ We find it unnecessary to discuss the extent to which the instant proceeding has been barred because another action for the same or similar relief is pending in the United States District Court for the Northern District of New York. ¶ Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.