■ LINDA TOSCANO, Respondent, v JOHN VAN LINDT et al., Constituting the New York State Racing and Wagering Board, Division of Harness Racing, Appellants.—In a proceeding pursuant to CPLR article 78 to prohibit the chairman and members of the New York State Racing & Wagering Board, Division of Harness Racing, from barring petitioner Toscano from entering certain horses in harness races for a stated period, the appeal is from a judgment and order (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered April 6, 1984, which granted the petition.

Appeal dismissed as moot, without costs or disbursements.

On January 10, 1984 the harness racing license of George Regan was suspended by the New York State Racing & Wagering Board for 45 days, through February 23, 1984. Two days later, horses formerly trained by Regan which had been entered in races by petitioner Toscano were scratched by the

board because she had been an employee of Regan up until the time of the suspension, and the order suspending his license also prevented his employees from entering horses he had trained. Toscano brought this proceeding under CPLR article 78 to prohibit the board from barring her from entering horses, which petition was granted. Regan's suspension ended on February 23, 1984. As the scratching of Toscano's entries was to take place only during the period of George Regan's suspension and since his period of suspension has expired, a decision on this appeal will not affect directly the rights of the parties; thus the issue is moot (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *New York Public Interest Research Group v Regan,* 91 AD2d 774). This case does not present a question that would warrant an exception to the mootness doctrine. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.