■ In the Matter of HARRY FARKAS, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. —Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 13, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78,

granted respondents' motion to dismiss the petition on the ground of res judicata.

The only issue to be decided on this appeal is whether a judgment dismissing a prior CPLR article 78 proceeding as moot constitutes a bar to a subsequent article 78 proceeding seeking the same relief, commenced after removal of the condition which had rendered the first proceeding moot. We hold that it does not, since the dismissal of the prior proceeding was not upon a ground involving the merits.

While employed by the State Department of Health, petitioner took an oral civil service examination for the position of Director of the Bureau of Environmental Radiation. He did not receive a passing grade. After pursuing an administrative appeal without success, petitioner commenced an article 78 proceeding to compel respondents to raise his grade and place his name on the eligible list for the position. In the meantime, petitioner retired from State service, having reached the then mandatory retirement age of 70 (Retirement and Social Security Law § 70 [b]). Special Term held that since petitioner could not be appointed from the eligible list, because of his retirement, the proceeding was moot and should be dismissed. We affirmed the judgment dismissing the petition as moot (*Matter of Farkas v New York State Dept. of Civ. Serv.,* 103 AD2d 953). By the Laws of 1984 (ch 296, § 3), mandatory retirement of State employees because of age was eliminated, except in certain circumstances. Petitioner then commenced this proceeding, seeking relief identical to that sought in the prior proceeding. Respondents moved to dismiss on the basis of res judicata and Special Term granted the motion. We reverse.

Respondents do not dispute petitioner's claim that the elimination of mandatory retirement because of age removed the obstacle to his appointment from the eligible list, which provided the basis for the dismissal of the prior proceeding as moot. Instead, respondents rely upon the doctrine of res judicata or claim preclusion, arguing that since petitioner herein seeks identical relief arising out of the same set of facts, the judgment dismissing the prior proceeding bars this proceeding. "It is, of course, axiomatic that a party seeking to assert *res judicata* or claim preclusion must show the existence of a prior judgment on the merits" (*Miller Mfg. Co. v Zeiler,* 45 NY2d 956, 958). Thus, a dismissal based upon a determination not involving the merits will not bar a second action (*Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614).

In *Alco Gravure, Inc. v Knapp Found.* (64 NY2d 458, 465),

the court ruled that the dismissal of an action in New Jersey for lack of standing "should not be accorded res judicata effect * * * because a dismissal for lack of standing as applied by New Jersey courts is not a dismissal on the merits * * * any more than would be a dismissal for prematurity". We held in *De Ronda v Greater Amsterdam School Dist.* (91 AD2d 1088) that dismissal of a prior action for failure to comply with a condition precedent, an examination pursuant to General Municipal Law § 50-h, was not a final judgment on the merits and did not bar a second action commenced after the omission had been corrected (*see also, Gengarelly v Glen Cove Urban Renewal Agency,* 69 AD2d 524 [dismissal of prior action as premature did not bar second action]). By way of contrast, the court in *Smith v Russell Sage Coll.* (54 NY2d 185, 194) held that a prior dismissal based upon the Statute of Frauds and the Statute of Limitations was "at least sufficiently close to the merits for claim preclusion purposes to bar a second action". But in *Matter of Meegan S. v Donald T.* (64 NY2d 751), the court held that the dismissal of a prior action as untimely would not bar a second action commenced within the enlarged time limit established by a subsequent retroactive amendment to the Statute of Limitations. In so holding, the court explained (p 752): "The issue disposed of by the order of dismissal in the first proceeding * * * was only that petitioner's claim was untimely under the Statute of Limitations then applicable to paternity suits, and it did not reach the issue of timeliness under the amended law, which would permit petitioner's claim".

Based upon the principles and case law discussed above, we conclude that the dismissal of the prior proceeding herein as moot was not a final determination on the merits and, therefore, should not be accorded res judicata effect beyond the question decided therein. We reach no other issue.

Judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.