■ In the Matter of JOHN M. et al. CYNTHIA D., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.—In proceedings pursuant to Family Court Act article 10, petitioner appeals (by permission) from two orders of the Family Court, Kings County (Palmer, J.), dated February 22, 1985 and February 26, 1985, respectively, which, during and after a hearing held pursuant to Family Court Act § 1028, ordered the return of the five children to the respondent mother.

Appeals dismissed as moot, without costs or disbursements, and the stay previously granted by this court vacated.

On August 7 and 8, 1985, the petitioner and the respondent mother entered into a stipulation withdrawing an appeal from an order of the Family Court, Kings County (Palmer, J.), entered July 17, 1985, dismissing the instant neglect proceedings, on condition that the respondent mother cooperate with

Special Services for Children in its attempt to insure the children's safe and healthy adjustment upon being returned to her custody. Among the conditions specified were that the respondent mother would cooperate in the supervision of her home and family by Special Services for Children for a period of nine months following execution and filing of the stipulation, that she would allow and assist in arranging a minimum of two home visits per month so that the home and family could be regularly seen by Special Services for Children and that she would cooperate with Special Services for Children in efforts to enhance her parental skills and would accept such services as were deemed necessary.

Since the neglect proceedings against respondent were dismissed by order of the Family Court, Kings County (Palmer, J.), entered July 17, 1985, there has been a final disposition of the proceedings. The parties in this lawsuit cannot now be affected by the determination of these appeals from intermediate orders in those neglect proceedings and they are therefore moot *(see, New York Pub. Interest Research Group v Regan,* 91 AD2d 774, *lv denied* 58 NY2d 610). Notwithstanding the objection of the children's Law Guardian, this case does not present a question which would warrant an exception to the mootness doctrine. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.