■ In the Matter of ANGELO CORTEZ, Petitioner, v JOHN B. WILMOT, as Superintendent of Elmira Correctional Facility, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of respondent which found that petitioner should be placed in protective admission.

In September 1983, petitioner was transferred from Attica Correctional Facility to Elmira Correctional Facility. During a previous stay at the Elmira facility, petitioner had been found guilty of possessing a weapon and had been administratively punished therefor. As a result, when he returned to the Elmira facility, petitioner was served a misbehavior report recommending that he be placed in protective admission (7 NYCRR 304.1 [b]) because, by virtue of his having been found guilty of possession of a weapon during his earlier stay at the facility, "having [petitioner] in general population would create a threat to the security at this facility". Thereafter, a Superintendent's hearing was conducted and petitioner was placed in protective admission "until released or transferred from this facility". In January 1984, petitioner commenced this CPLR article 78 proceeding, seeking only his release from protective admission. Thereafter, petitioner was transferred from the Elmira facility to another prison, where he apparently was placed in the general population.

We dismiss this proceeding as moot. Petitioner only sought to be released from protective admission. Since his transfer to a different facility effectuated this result, any judicial determination made in this proceeding would have no effect upon the rights of the parties *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *New York Public Interest Research Group v Regan,* 91 AD2d 774, *lv denied* 58 NY2d 610). We note that our resolution of this mootness issue may have been different had petitioner requested, in his petition, that his record be expunged with regard to the misbehavior report and disposition thereof *(see, Matter of Farkas v New York State Dept. of Civ. Serv.,* 103 AD2d 953). Furthermore, we do not find that the facts of the controversy bring it within an exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne, supra,*

pp 714-715), since there has been no showing that it was more than an isolated incident that, in all likelihood, would not be repeated with respect to petitioner or any other prison inmate *(see, id., New York Public Interest Research Group v Regan, supra,* p 775). We have examined petitioner's remaining contentions and find them to be without merit.

Proceeding dismissed as moot, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.