In the Matter of HARRY FARKAS, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. —Casey, J.

This matter has been before this court twice before (see, Matter of Farkas v New York State Dept. of Civ. Serv., 114 AD2d 563; Matter of Farkas v New York State Dept. of Civ. Serv., 103 AD2d 953). In June 1982, petitioner, who was then employed by the Department of Health as an associate radiological health engineer, took an oral civil service examination for the position of Director of the Bureau of Environmental Radiation. When he failed to obtain a passing score of 60%, he pursued an administrative appeal which was denied by respondent Civil Service Commission for failure of petitioner to allege and show that there was "manifest error" in connection

with the oral grading that he had received. In a letter dated April 1983 from respondent Department of Civil Service, petitioner was informed that "although there are no additional administrative remedies available to you insofar as this Commission is concerned, determinations of the Commission are subject to review by the courts".

Having retired in March 1983 because he had attained the then-mandatory retirement age of 70, petitioner, nevertheless, in an attempt to vindicate his reputation, commenced a CPLR article 78 proceeding in July 1983 to compel respondents to raise his grade to a passing level and to place his name on an eligible list for the position. Special Term held that inasmuch as petitioner could not be appointed because of his mandatory retirement, his proceeding was moot. We affirmed *(Matter of Farkas v New York State Dept. of Civ. Serv.,* 103 AD2d 953, *supra).*

Thereafter, legislation eliminated mandatory retirement of State employees because of age. Petitioner thereupon instituted an article 78 proceeding in October 1984, seeking relief identical to that sought in his prior proceeding. It was dismissed by Special Term on motion of respondents on the ground of res judicata. We reversed this judgment *(Matter of Farkas v New York State Dept. of Civ. Serv.,* 114 AD2d 563, 565, *supra).* Petitioner then resumed his proceeding. On November 4, 1985, petitioner was notified that the Commission had withdrawn its prior decision and would grant petitioner the opportunity of administrative appeal. Petitioner declined the offer. Respondents then moved to dismiss for petitioner's failure to exhaust his administrative remedies. Special Term granted the motion to dismiss and remitted the matter to the Commission for administrative review. Petitioner opposed, contending that the administrative determination contained in respondents' letter of April 23, 1983 finally determined the matter administratively and instructed him to seek review by the courts if dissatisfied.

We have been advised at oral argument that the promised administrative reconsideration has been completed and that petitioner's appeal again has been denied. Thus, irrespective of whether the prior determination was sufficiently final for article 78 review, petitioner may now seek judicial review of the subsequent determination. We conclude, therefore, that this appeal has become moot.

Appeal dismissed, as moot, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.