■ In the Matter of the FACULTY ASSOCIATION OF SUFFOLK COMMUNITY COLLEGE, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Respondents, and SUFFOLK COUNTY, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board (hereinafter PERB) which found that the intervenor-respondent Suffolk County's refusal to pay salary increments pursuant to an expired collective bargaining agreement did not violate Civil Service Law § 209-a (1) (e), the petitioner Faculty Association of Suffolk Community College (hereinafter the Association) appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered November 7, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to PERB and the intervenor-respondent.

The record reveals that on September 6, 1984, the Association filed an improper practice charge with PERB against Suffolk County, alleging that the county failed to continue to pay step increments pursuant to an expired collective bargain-

ing agreement. However, subsequent to the filing, the Association and Suffolk County entered into a successor agreement which was retroactive to the expiration date of the predecessor contract and which did not provide for a step advancement during the first year of the new agreement. Following PERB's dismissal of the improper practice charge, the Association commenced the instant proceeding to review the determination of PERB, and the Supreme Court, Suffolk County, dismissed the proceeding as academic. We now affirm.

The retroactive effect of the successor agreement and the Association's insistence that it does not seek to alter the terms of that agreement render the issues raised on this appeal moot, for a determination of the appeal would not directly affect the rights of the parties (see, *Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Toscano v Van Lindt,* 112 AD2d 364). Moreover, this case presents narrow issues which do not warrant an exception to the mootness doctrine, nor does the record demonstrate a strong likelihood of a repetition of the instant controversy in the near future (see, e.g., *Matter of Hearst Corp. v Clyne, supra; Matter of Cortez v Wilmot,* 115 AD2d 140). Accordingly, we conclude that the court of first instance properly determined that the instant proceeding is academic. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.