■ In the Matter of CITY OF NEW YORK, Petitioner, v THOMAS F. HARTNETT, as Commissioner of the New York State Department of Labor, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Labor, dated July 21, 1988, which, after a hearing, denied the petitioner's application for a permanent variance from compliance with the requirements of the Federal standards for fire helmets adopted under Labor Law § 27-a (4).

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well established that in order to annul an administrative determination made after a required hearing, a court must be satisfied after reviewing the record as a whole that the determination is not supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Lahey v Kelly,* 71 NY2d 135). Where the determination of an agency is supported by substantial evidence, it is beyond judicial review, and a reviewing court may not " 'weigh the evidence or reject the choice made by [the agency] when the evidence is conflicting and room for choice exists' " *(Matter of Collins v Codd,* 38 NY2d 269, 271, quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267; *Matter of Moorehead v New York City Tr. Auth.,* 147 AD2d 569).

The petitioner contends that the report submitted by the Hearing Officer failed to take into consideration, on the petitioner's application for a permanent variance from compliance with the requirements of the Federal standard for fire helmets adopted under Labor Law § 27-a, a number of evidentiary items favorable to the so-called "New Yorker 5-A" fire helmet.

However, we find that the Hearing Officer's assessment of the evidence and determination as to the inferences to be drawn therefrom, were supported by substantial evidence, and should therefore not be disturbed (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra). Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.