■ In the Matter of DAVID HIRSCH, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles, dated February 2, 1990, which affirmed the decision of a New York State Department of Motor Vehicles Administrative Law Judge, dated June 5, 1989, which, after a hearing, inter alia, found the petitioner guilty of violating Vehicle and Traffic Law § 1180 (d), in that he drove at an excessive rate of speed.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner received a summons for traveling 90 miles per hour in a 50-mile-per-hour zone. After a hearing, an Administrative Law Judge for the New York State Department of Motor Vehicles found the petitioner guilty of speeding. The Appeals Board sustained the findings of the Administrative Law Judge. The petitioner commenced this proceeding to challenge the determination of the Appeals Board as unsupported by substantial evidence.

It is well established that judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (see, CPLR 7803 [4]; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45

NY2d 176, 181; *Matter of City of New York v Hartnett,* 168 AD2d 555; *Matter of Furey v County of Suffolk,* 105 AD2d 41).

The testimony of the police officer who issued the summons constituted substantial evidence that the petitioner committed the traffic infraction in question *(see, People v Olsen,* 22 NY2d 230).* While the expert testimony offered by the petitioner called into question the officer's version of the facts, it is not the role of this court to weigh the evidence presented *(see, Matter of City of New York v Hartnett, supra).* Where reasonable people might differ, determining the credibility of conflicting testimony, including that of an expert, is for the administrative agency *(see, Matter of Power Auth. v Williams,* 101 AD2d 659). Since the determination was supported by substantial evidence, we find no basis for disturbing it. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.