■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents. [620 NYS2d 525] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered August 10, 1993 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

In this combined proceeding and action, petitioners, citizen taxpayers of New York, seek a determination that a use tax compliance program, instituted by the Department of Taxation and Finance in late 1992, represented an illegal and improper use of taxpayer funds. Petitioners also challenge three acts adopted by the State Legislature in 1992, designed to eliminate budget deficits in Nassau and Suffolk Counties and in the Town of Huntington, that, *inter alia,* authorized the issuance of bonds by those municipalities. Supreme Court granted respondents' motion to dismiss both claims, the first on grounds of mootness and the second because petitioners lacked standing, and petitioners appeal.

We affirm. Respondents' discontinuance of the challenged tax program—it was found to be ineffective in inducing voluntary compliance with laws requiring that compensating use tax be paid on purchases made outside of New York and brought into the State—has eliminated the controversy which gave rise to petitioners' first claim, at least insofar as they seek injunctive relief, rendering that portion of the appeal moot *(see, Matter of Schulz v State of New York,* 175 AD2d 356, *lv denied* 78 NY2d 862; *New York Pub. Interest Research Group v Regan,* 91 AD2d 774, 775, *lv denied* 58 NY2d 610). Nor have petitioners demonstrated that this aspect of their case should be reviewed despite its mootness, for apart from mere speculation they offer nothing that would tend to support a finding that the program is likely to be reinstituted or, if it were, that it would evade judicial review *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). As for petitioners' request that respondent Commissioner of Taxation and Finance be ordered to make partial restitution from his personal account of the funds expended in implementing the program, where, as here, there is no indication that a public official acted fraudulently or in bad faith, or personally profited from the allegedly illegal acts with which he is charged,

there is no basis for imposing personal liability *(see, Matter of Schulz v State of New York, supra,* at 358).

The gravamen of petitioners' second claim is that application of the rationale underlying the Court of Appeals' recent holding in *Matter of Schulz v State of New York* (81 NY2d 336) militates in favor of a finding that they have standing to contest the bond authorization statutes. We disagree. In holding that voters have standing to sue when the State incurs debt for which the State Constitution requires voter referendum approval, the court merely carved out a narrow exception to the general rule that citizen-taxpayer status, alone, is not enough to confer standing to contest the validity of bond issues *(see, Wein v Comptroller of State of N. Y.,* 46 NY2d 394, 399-400; *see also,* State Finance Law § 123-b [1]). There being no requirement of voter approval of laws, such as those at issue here, that authorize borrowing by subdivisions within the State, *Matter of Schulz v State of New York (supra)* is inapplicable to this case. Having failed to demonstrate that they have any actual legal stake in the matter being adjudicated, petitioners have no standing to raise the questions posed by their second claim *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.