■ In the Matter of JOHN CANNON, Appellant, v CITY OF WATERVLIET, Respondent. [693 NYS2d 334] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 16, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent reassigning petitioner to a different position.

Petitioner began his employment with respondent in 1973 as a police officer. In 1982, he was promoted to the rank of sergeant and, in 1988, assigned to the position of investigator. He held that position until February 1998 when respondent reassigned him to the uniform patrol division. Petitioner, however, continued to maintain the rank of sergeant. In April 1998, petitioner commenced this CPLR article 78 proceeding challenging the reassignment on the ground, *inter alia*, that it violated Civil Service Law § 58 (4) (c) and § 75. Following service of respondent's answer, petitioner retired effective July 30, 1998. In view of petitioner's retirement, Supreme Court dismissed the petition as moot.

We affirm. Initially, we note that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *see, New York Pub. Interest Research Group v Regan*, 91 AD2d 774, *lv denied* 58 NY2d 610). A case that is moot may not be considered by the court unless it falls within the exception to the moot-

ness doctrine (*see, Matter of Hearst Corp. v Clyne, supra*, at 714). Cases falling within the exception share three characteristics: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*id.*, at 714-715; *see, New York Pub. Interest Research Group v Regan, supra*, at 775).

In this proceeding, petitioner's retirement clearly rendered his petition moot inasmuch as the primary relief requested therein, reinstatement to the position of investigator, was no longer attainable. Moreover, because petitioner retained the rank of sergeant, there is no indication that his salary or benefits were adversely affected. To the extent he claims he was deprived of overtime, the record discloses that petitioner declined overtime opportunities after his reassignment. Furthermore, while petitioner contends that the reassignment forced him into retirement, there is no evidence of duress or coercion in this record from which we can conclude that his retirement was involuntary (*see, e.g., Matter of Girard v Board of Educ.*, 168 AD2d 183, 185-186). In view of the foregoing, Supreme Court properly found that the controversy between the parties was moot. Inasmuch as the matter before us shares none of the characteristics of cases that fall within the exception to the mootness doctrine, we find no reason to disturb the dismissal of the petition. In view of our disposition, we need not consider petitioner's remaining claims.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.