■ In the Matter of GIANLUCA COTUGNO, Petitioner, v COMMISSIONER OF MOTOR VEHICLES, Respondent. [756 NYS2d 915] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent, which, inter alia, suspended petitioner's driving privileges in New York for 30 days.

Petitioner's driving privileges in this State were suspended for 30 days following an administrative hearing wherein he was found guilty of speeding (see Vehicle and Traffic Law § 1180 [d]), following too closely (see Vehicle and Traffic Law § 1129 [a]), making unsafe lane changes (see Vehicle and Traffic § 1128 [a]) and failing to use his turn signals during such lane changes (see Vehicle and Traffic Law § 1163 [d]). Upon administrative appeal, this determination was affirmed, prompting petitioner to commence the instant CPLR article 78 proceeding, which has been transferred to this Court (see CPLR 7804 [g]).

According to the hearing testimony of State Trooper Anthony Trocchio, while on routine patrol in an unmarked police vehicle on the Staten Island Expressway, his attention was drawn to petitioner's vehicle as it was traveling a mere two to five feet behind another vehicle, a distance which Trocchio opined was too close. Trocchio next observed petitioner make several unsafe lane changes without signaling and then accelerate his vehicle. At this time, Trocchio drove his car directly behind petitioner's and "pace[d]" him for at least three tenths of a mile. According to Trocchio, petitioner was driving at least 80 miles per hour in the 50 mile-per-hour speed zone on the expressway. This latter opinion was based on Trocchio's reading of his own calibrated speedometer and his visual observations. Petitioner was thereafter pulled over and issued the subject traffic citations. Petitioner testified on his own behalf at the hearing. According to him, he was driving care-

fully that evening and did not recall traveling too close to another vehicle or changing lanes without signaling. Moreover, although he did not know how fast he was driving, he opined that "[t]here was no way" he was driving 80 miles per hour given the traffic and weather conditions.

Trocchio's testimony, which was credited by the Administrative Law Judge and cannot be considered incredible as a matter of law, provides the requisite substantial evidence to support the determination that petitioner was guilty of following too closely, speeding, making unsafe lane changes and failing to signal (see People v Olsen, 22 NY2d 230, 231-232 [1968]; Matter of Gentile v Jackson, 273 AD2d 235 [2000]; Matter of De Oliveira v New York State Dept. of Motor Vehicles, 271 AD2d 607, 608 [2000]; Matter of Neiman v State of New York Dept. of Motor Vehicles Appeals Bd., 265 AD2d 558 [1999]; Matter of Boggia v Murphy, 212 AD2d 931 [1995]; Matter of Miranda v Adduci, 172 AD2d 526 [1991]; Matter of Martin v Adduci, 138 AD2d 599, 600 [1988]; Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur., 55 AD2d 457, 461 [1977]). To the extent that petitioner's testimony conflicted with that of Trocchio, this presented a credibility determination for the Administrative Law Judge to resolve (see Matter of Neiman v State of New York Dept. of Motor Vehicles Appeals Bd., supra; Matter of Grossberg v Christian, 245 AD2d 118 [1997]; Matter of Ortenberg v Commissioner of Motor Vehicles, 191 AD2d 898, 899 [1993]; Matter of Hirsch v New York State Dept. of Motor Vehicles, 182 AD2d 761, 762 [1992]). Finally, assuming the issue is not moot—petitioner has already served his 30-day suspension (see generally Toscano v Van Lindt, 112 AD2d 364, 365 [1985])—we are unpersuaded that this penalty was excessive or shocking to this Court's conscience (compare Matter of Grossberg v Christian, supra; Matter of Ortenberg v Commissioner of Motor Vehicles, supra; Matter of Martin v Adduci, supra.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.