In the Matter of JARED P. GORMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [824 NYS2d 526]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered May 5, 2006) to annul a determination of respondent New York State Department of Motor Vehicles. The determination found that petitioner violated Vehicle and Traffic Law § 1129 (a) and revoked his driver's license.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul the determination that he violated Vehicle and Traffic Law § 1129 (a), for following another vehicle too closely, and revoking his driver's license for 30 days. The determination arises out of a multivehicle accident in which the vehicle driven by petitioner rear-ended a vehicle that was either stopped or in the process of stopping, pushing the vehicle into the opposing lane of traffic. That vehicle was then struck by a third vehicle, and a passenger in the third vehicle was killed. Petitioner did not preserve for our review his contention concerning administrative delay inasmuch as he did not raise an objection on that ground before the Administrative Law Judge (*see Matter of King v New York State Dept. of Health*, 295 AD2d 743, 745 [2002]; *Matter of Choe v Axelrod*, 141 AD2d 235, 239 [1988]; *cf. Matter of Lawrence v DeBuono*, 251 AD2d 700, 701 [1998]), and he failed to exhaust his administrative remedies with respect to that contention inasmuch as he did not contend on his administrative appeal that there was undue delay in conducting the hearing (*see Matter of Shapard v Zon*, 30 AD3d 1098 [2006]; *Matter of Nelson v Coughlin*, 188 AD2d 1071 [1992], *appeal dismissed* 81 NY2d 834 [1993]).

Contrary to petitioner's further contention, the determination is supported by substantial evidence (*see Matter of Cotugno v Commissioner of Motor Vehs.*, 304 AD2d 1030, 1031 [2003]; *Matter of Boggia v Murphy*, 212 AD2d 931 [1995]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Finally, we conclude that the penalty is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union*

*Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *see Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]; *see also Matter of Martin v Adduci,* 138 AD2d 599 [1988]; *Matter of La Bue v Melton,* 87 AD2d 975 [1982]). Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.