■ In the Matter of DENNIS VAETH, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [922 NYS2d 283]—

Determination of respondent New York State Department of Motor Vehicles, dated January 5, 2010, which suspended petitioner's driver's license for one year upon finding that petitioner violated Vehicle and Traffic Law § 1180 (a) and § 1129 (a), unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered March 31, 2010), dismissed, without costs.

Petitioner's tractor-trailer hit a disabled vehicle stopped in a breakdown lane, pushing it into a concrete median. As a result of the crash, one passenger was killed and another was injured.

As petitioner admitted that he was driving his large vehicle at a speed of 50 to 55 miles per hour while the road was wet and it was raining and dark, respondent's finding that petitioner violated Vehicle and Traffic Law § 1180 (a) was supported by substantial evidence (*see Pinkow v Herfield*, 264 AD2d 356, 357-358 [1999]). The fact that petitioner claimed to have not been speeding and the absence of physical evidence as to his speed does not warrant a different finding (*see People v Lewis*, 13 NY2d 180, 184 [1963]).

Furthermore, there was substantial evidence that petitioner violated Vehicle and Traffic Law § 1129 (a). Petitioner admitted that he swerved out of the right lane of traffic and hit the disabled vehicle parked in the breakdown lane in the rear of the vehicle. The fact that the disabled vehicle was not moving does not render the statute inapplicable (*see Guzman v Schiavone Constr. Co.*, 4 AD3d 150 [2004], *lv dismissed in part and denied in part* 3 NY3d 694 [2004]). Rather, it "imposes . . . a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Had petitioner been driving with the required attention to the condition of the highway and the fact that the vehicle was disabled, the accident could have been avoided.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.