■ In the Matter of LINDA ROSENHAUCH, Petitioner, v DAVID J. SWARTS et al., Respondents. [925 NYS2d 673]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated May 25, 2010, confirming a determination of an administrative law judge dated August 14, 2009, which, after a hearing, suspended the petitioner's nonresident operating privileges for a period of one year.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On March 23, 2009, at approximately 11:00 A.M., the petitioner, a resident of the State of New Jersey, was traveling in the right northbound lane of the Saw Mill River Parkway through the City of Yonkers at a rate of approximately 50 mph. Another vehicle, operated by a Ms. Gieroth-Rock, had stalled/stopped or was moving slowly in the same lane of traffic on the roadway ahead of her. Despite the fact that the roadway was straight and level for at least 1/2 to 3/4 miles prior to the point of impact, the petitioner rear-ended Gieroth-Rock's vehicle. Gieroth-Rock died as a result of the accident.

Contrary to the petitioner's contention, the finding that she violated Vehicle and Traffic Law § 1129 (a) by following Gieroth-Rock's vehicle too closely is supported by substantial evidence (*see Matter of Vaeth v New York State Dept. of Motor Vehs.*, 83

AD3d 460 [2011]; *Matter of Fazzone v Adduci,* 155 AD2d 540, 541 [1989]). The administrative law judge properly relied upon the police accident report, as well as the testimony of the petitioner and the police officer who responded to the accident, in determining that the petitioner was at fault in not taking any evasive action to avoid colliding with Gieroth-Rock's disabled vehicle.

In light of all the circumstances of this case, the imposition of a one-year suspension of the petitioner's nonresident operating privileges was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 233 [1974]; *Matter of Vaeth v New York State Dept. of Motor Vehs.,* 83 AD3d 460 [2011]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.