In the Matter of HEARST CORPORATION et al., Appellants, v CITY OF ALBANY, Respondent. [931 NYS2d 713]—

Mercure, J.P.

Petitioner Hearst Corporation is the publisher of the Times Union, a daily newspaper that covers the Albany area. During an investigation, a journalist employed by the newspaper, petitioner Brendan Lyons, discovered that respondent had regularly issued "no fine" parking tickets to designated vehicles. He further learned that parking tickets issued to respondent's employees, "politically connected" individuals and their relatives were routinely voided or excused by its Parking Violations Bureau without judicial involvement. Seeking more information on these practices, Lyons made two requests pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for documents related to the "no fine" parking tickets, as well as those that had been administratively voided or dismissed by respondent. As relevant here, respondent refused to provide records related to the dismissed tickets, claiming that they were "specifically exempted from disclosure" by the sealing provisions of CPL 160.50 (*see* Public Officers Law § 87 [2] [a]). Upon petitioners' unsuccessful administrative appeal, respondent additionally asserted that the release of the records would constitute an unwarranted invasion of the ticket recipients' privacy (*see* Public Officers Law § 87 [2] [b]).

Petitioners commenced this CPLR article 78 proceeding seek-

ing an order directing respondent to turn over the records, as well as an award of costs and counsel fees. Following joinder of issue and further litigation—including full briefing of this matter—respondent turned over the records, while nevertheless maintaining that its initial denial of the FOIL request was legally permissible. Supreme Court dismissed as moot that portion of the petition seeking to compel disclosure and noted that, in any event, the recipients of the tickets were necessary parties that petitioners had failed to join. It also found that respondent had a reasonable basis for refusing to turn over the records and, therefore, declined to award counsel fees to petitioners. Petitioners appeal, and we now reverse.

Initially, whether the documents here are exempt from disclosure presents a "substantial or novel [issue], likely to recur and capable of evading review," bringing this case within the exception to the mootness doctrine (*City of New York v Maul*, 14 NY3d 499, 507 [2010]; *cf. Matter of Global Tel\*Link v State of N.Y. Dept. of Correctional Servs.*, 68 AD3d 1599, 1600-1601 [2009]). The issues presented are admittedly novel and, moreover, are substantial in that they implicate the important public policy underlying FOIL of granting the public access to government records (*see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]). Respondent continues to maintain that the requested records are exempt from disclosure, making it likely that the issues presented here will recur in the future. Finally, respondent's strategy in releasing the documents—despite the fact that release would be illegal if its position that the records sought are sealed were correct—amply justifies the inference that respondent will strive to ensure that those issues evade review in the future. We are thus persuaded that this case falls within the exception to the mootness doctrine (*see Matter of Laborers' Intl. Union of N. Am., Local No. 17 v New York State Dept. of Transp.*, 280 AD2d 66, 69 [2001]; *see also Mitchell v Kemp*, 176 AD2d 859, 859-860 [1991]; *cf. Matter of Schulz v State of New York*, 210 AD2d 781, 781 [1994], *appeal dismissed* 85 NY2d 923 [1995]).

Turning to the merits, "CPL 160.50 provides that upon the 'termination of a criminal action or proceeding against a person in favor of such person,' and where the interests of justice do not require otherwise, 'the record of such action or proceeding shall be sealed' " (*Matter of Harper v Angiolillo*, 89 NY2d 761, 764 [1997], quoting CPL 160.50 [1]). While parking violations are not crimes, prosecutions thereon are nonetheless generally "governed by the rules of the criminal law" (*People v Phinney*,

22 NY2d 288, 290 [1968]; *see* Vehicle and Traffic Law § 155). Thus, respondent argues, CPL 160.50 applies to records relating to dismissed parking violations (*see generally Matter of Johnson Newspaper Corp. v Stainkamp*, 61 NY2d 958, 960-961 [1984]). The fatal flaw in respondent's contention, however, is that CPL 160.50 applies only to records arising from a "criminal action or proceeding," both of which occur in criminal *courts* (*see* CPL 1.20 [16], [18], [19]; 10.10 [1]). The FOIL requests here, by contrast, sought documents related to tickets that respondent had *administratively* dismissed, and disclaimed any interest in those that had been dismissed "by a judge, in City or Traffic Court." Indeed, the Committee on Open Government opined prior to the commencement of this proceeding that CPL 160.50 did not apply to the demanded documents and, while that opinion is not binding upon us (*see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 74 AD3d 1417, 1419 [2010]), we agree that the records sought do not come within the sealing provisions of the statute.

Respondent further justified its refusal to provide the requested records on the ground that disclosure would inflict "an unwarranted invasion of personal privacy" upon the ticket recipients (Public Officers Law § 87 [2] [b]; *see generally Matter of Edwards v New York State Police*, 44 AD3d 1216, 1216 [2007]). Inasmuch as none of the enumerated privacy exceptions applies (*see* Public Officers Law § 89 [2] [b]), we must "balanc[e] the privacy interests at stake against the public interest in disclosure of the information" in determining whether disclosure is appropriate (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]; *see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 74 AD3d at 1420). The privacy interest urged by respondent was that recipients of the dismissed tickets may "be offended" by the disclosure of their identities.* Far outweighing that personal umbrage, however, is the public's interest in the circumstances surrounding respondent's administrative dismissal of tens of thousands of parking tickets, which necessarily requires the disclosure of the recipients'

---

* Contrary to Supreme Court's conclusion, the recipients are not necessary parties to this proceeding. CPL 160.50 does not seal the records at issue, the present proceeding has no impact on the dismissals themselves, and the rights of the recipients are accordingly not directly affected (*see Matter of Schulz v De Santis*, 218 AD2d 256, 259-260 [1996]). Ticket recipients may well be embarrassed if their identities are publicized, but that embarrassment, without more, does not render them necessary parties (*see e.g. Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009]; *Matter of Buffalo News v Buffalo Mun. Hous. Auth.*, 163 AD2d 830, 831 [1990]).

identities given the allegations that respondent afforded preferential treatment in dismissing tickets issued to certain classes of individuals.

In sum, respondent did not meet its burden of showing that the records fall within an exception to FOIL, and the petition should have been granted (*see* Public Officers Law § 89 [4] [b]). As a final matter, we agree with petitioners that they are entitled to an award of counsel fees and costs. Petitioners have substantially prevailed in this proceeding and, contrary to Supreme Court's conclusion, the record establishes that respondent lacked a reasonable basis for denying access to the documents (*see* Public Officers Law § 89 [4] [c] [i]; *Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 197 [2011]). Indeed, respondent's prolonged delay in releasing the documents and—in ultimately doing so—transparent attempt to avoid judicial review of its unsupported assertion that the documents were exempt from disclosure, "evinced a clear disregard of the public's right to open government" (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 339 [2011]; *see Matter of Purcell v Jefferson County Dist. Attorney*, 77 AD3d 1328, 1329 [2010]; *Matter of Powhida v City of Albany*, 147 AD2d 236, 239-240 [1989]). Thus, this matter must be remitted for a determination of the appropriate amount of fees and costs to be awarded (*see Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d at 340).

Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, petition granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.