■ In the Matter of John Florio, Petitioner, v New York State Department of Motor Vehicles, Respondent. [965 NYS2d 168]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated May 24, 2012, confirming a determination of an Administrative Law Judge, dated July 18, 2011, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1129 (a) and suspended the petitioner's operating privileges for 90 days.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At the hearing before an administrative law judge, Police Officer Tomelo Shaw testified that at 5:25 a.m. on December 21, 2010, he was travelling eastbound at approximately 50 to 60 miles per hour on the upper level of the Verrazano-Narrows Bridge. Officer Shaw testified that he observed the petitioner, who was also traveling eastbound on the upper level of the

bridge, following another vehicle with approximately one car length separating the petitioner's vehicle and the vehicle in front of him. The petitioner followed the vehicle in front of him at that distance for approximately $2/10$ miles before Officer Shaw stopped the petitioner and issued him a summons for following too closely in violation of Vehicle and Traffic Law § 1129 (a).

This Court's review of the determination of the New York State Department of Motor Vehicles Appeals Board that the petitioner violated the Vehicle and Traffic Law is limited to whether or not there was substantial evidence to support its determination, substantial evidence being defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, and 'is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648 [2013]). Contrary to the petitioner's contention, the finding that he violated Vehicle and Traffic Law § 1129 (a) is supported by substantial evidence (*see Matter of Rosenhauch v Swarts*, 85 AD3d 1187 [2011]; *Matter of Vaeth v New York State Dept. of Motor Vehs.*, 83 AD3d 460 [2011]; *Matter of Gorman v New York State Dept. of Motor Vehs.*, 34 AD3d 1361 [2006]; *Matter of Cotugno v Commissioner of Motor Vehs.*, 304 AD2d 1030 [2003]; *Matter of Boggia v Murphy*, 212 AD2d 931 [1995]). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.