■ In the Matter of SHAWN FAILING, Respondent, v BARBARA J. FIALA, as Commissioner of the New York State Department of Motor Vehicles, Appellant. [974 NYS2d 541]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated December 27, 2011, affirming a determination of an administrative law judge dated March 31, 2011, which, after a hearing, suspended the petitioner's driving privileges for a period of one year, the appeal is from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated May 29, 2012, which granted the petition to the extent of reducing the suspension to a period of 180 days.

Ordered that the judgment is reversed, on the law, with costs, the determination dated December 27, 2011, is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The New York State Department of Motor Vehicles (hereinafter the DMV) held a hearing to investigate an accident between the petitioner's commercial dump truck and a passenger sedan on April 8, 2010, resulting in the death of the driver of the

sedan and injuries to two passengers in the sedan. Evidence adduced at the hearing established that, while traveling at a rate of approximately 45 miles per hour, the petitioner applied the brakes in response to a sudden stop of a vehicle immediately in front of his dump truck. The petitioner lost control of his truck, which skidded over a double yellow line into opposing lanes of traffic, and collided with the decedent's vehicle.

In a written determination made after the hearing, an administrative law judge (hereinafter the ALJ) found that the petitioner violated Vehicle and Traffic Law § 1120 (c) by failing to keep right, and suspended the petitioner's driving privileges for a period of one year. The petitioner appealed to the DMV Appeals Board, which affirmed the ALJ's determination. The petitioner thereafter commenced this proceeding in the Supreme Court pursuant to CPLR article 78, seeking to annul the penalty on the grounds, inter alia, that a one-year suspension of his driving privileges was disproportionate to the offense and thus, in effect, an abuse of discretion. The Supreme Court granted the petition to the extent of reducing the license suspension to a period of 180 days.

"An administrative penalty must be upheld unless it 'is so disproportionate to the offense . . . as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). Judicial review of an administrative sanction is limited to the facts and record adduced before the agency upon which the penalty was assessed (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]).

Here, the petitioner's contention that he needed his driving privileges in order to work was not raised at the administrative level and was improperly raised for the first time in the Supreme Court in support of his CPLR article 78 petition (*see Matter of Klapak v Blum*, 65 NY2d 670, 672 [1985]; *Matter of Molinsky v New York State Dept. of Motor Vehs.*, 105 AD3d 960, 960-961 [2013]; *Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711 [2011]). Upon the record adduced before the DMV, including the petitioner's driving record, which contained several moving violations and a previous license suspension, the one-year license suspension imposed here was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.*,

2 NY3d at 776; *Matter of Montagnino v Fiala*, 106 AD3d 1090 [2013]; *Matter of Rosenhauch v Swarts*, 85 AD3d 1187 [2011]; *Matter of Vaeth v New York State Dept. of Motor Vehs.*, 83 AD3d 460 [2011]). Accordingly, the Supreme Court should have confirmed the determination. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.