Matter of Canarelli v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 07973)





Matter of Canarelli v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 07973


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527835

[*1]In the Matter of Frank R. Canarelli Jr., Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellant.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered May 10, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a two-year leave of absence under Civil Service Law § 71.
In 1997, petitioner began working as a correction officer at a medium security facility located in Oneida County. On February 23, 2016, he responded to an incident in which an inmate was throwing punches at another correction officer. He intervened and, while assisting the officer gain control of the inmate, petitioner fell to the floor and injured his left shoulder. He continued to work following the incident, but stopped working in September 2016 after he had surgery on his shoulder that was unsuccessful. In September 2017, respondent advised petitioner that, under Civil Service Law § 71, his employment would be terminated effective October 2, 2017 because his absence would have by then exceeded one year. Petitioner's counsel responded that because petitioner had been injured as a result of an assault sustained in the performance of his duties, he was entitled to a two-year leave of absence under Civil Service Law § 71. Respondent declined to change its decision, explaining that it considered an assault to be "an injury sustained during the course of one's employment that occurred as a result of an intentional physical act of violence directed towards an employee by an inmate or parolee." After holding petitioner's termination in abeyance for three months based upon his pending application for disability retirement benefits, respondent terminated petitioner's employment, effective January 5, 2018. Petitioner commenced this CPLR article 78 proceeding challenging respondent's failure to grant him a two-year leave of absence in accordance with Civil Service Law § 71. Following joinder of issue, Supreme Court dismissed the petition, and this appeal by petitioner ensued.
Petitioner contends that respondent unlawfully deprived him of a two-year leave of absence under Civil Service Law § 71 by defining and applying the term "assault" in a manner contrary to its meaning and intention. He further asserts that respondent's failure to accord him a two-year leave of absence was arbitrary, capricious and irrational. Among the relief requested by petitioner is vacatur of respondent's determination denying him the two-year leave of absence and reinstatement to his former position with appropriate back pay and benefits. Petitioner has advised this Court that, during the pendency of his appeal, he was granted disability retirement benefits pursuant to Retirement and Social Security Law § 507-b retroactive to the date of his April 4, 2017 application. Significantly, he concedes that "full financial restoration is no longer of issue." In view of this, respondent maintains that the appeal is now moot.
"In general[,] an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039 [2017]). Given that petitioner has effectively retired from his position and is in receipt of retirement disability benefits retroactive to a date preceding the date of his termination, he is not eligible for reinstatement (see Matter of Cannon v City of Watervliet, 263 AD2d 920, 921 [1999], lv denied 94 NY2d 756 [1999]). As such, he may no longer claim the monetary relief requested in the petition. Likewise, insofar as there is no longer an actual controversy between the parties, there is no basis for petitioner's request for declaratory relief (see Matter of Bailey v Village of Lyons Bd. of Trustees, 117 AD3d 1593 [2014]; Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [2010]). In view of the foregoing, the appeal must be dismissed as moot, and we find the exception to the mootness doctrine inapplicable (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.