Matter of Cyr v New York State Dept. of Motor Vehicles (2025 NY Slip Op 00773)

Matter of Cyr v New York State Dept. of Motor Vehicles

2025 NY Slip Op 00773

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

926 TP 23-02026

[*1]IN THE MATTER OF ADAM B. CYR, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND MARK J.F. SCHROEDER, AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENTS. 

PEKAREK LAW GROUP, P.C., WELLSVILLE (EDWARD PEKAREK OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered August 30, 2022) to review a determination of respondents. The determination revoked petitioner's driver's license for 180 days. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license for 180 days. The determination was based upon the finding that petitioner violated Vehicle and Traffic Law § 1111 by failing to stop at a stop light, resulting in the death of a pedestrian.
Contrary to petitioner's contention, the determination is supported by substantial evidence (see Matter of Sadallah v New York State Dept. of Motor Vehs., 160 AD3d 1482, 1483 [4th Dept 2018]). Initially, we reject petitioner's argument that the Administrative Law Judge (ALJ) improperly relied on hearsay contained within a police accident reconstructionist's report. "Evidence which would not be admissible in a court, such as hearsay, is admissible in a departmental hearing" (15 NYCRR 127.6 [b] [emphasis added]) and "if sufficiently relevant and probative may constitute substantial evidence" (Sadallah, 160 AD3d at 1483; see Matter of Gray v Adduci, 73 NY2d 741, 742-743 [1988]). Here, the testimony of the officer who interviewed eyewitnesses and the report were sufficient to establish that petitioner violated Vehicle and Traffic Law § 1111 by entering the intersection while the light was red and striking the pedestrian in the far cross-walk approximately four seconds after the traffic control device turned from yellow to red. To the extent that petitioner contends that he was improperly deprived of an opportunity to cross-examine the author of the report, that contention lacks merit; petitioner could have called the author as a witness (see Gray, 73 NY2d at 743). We also reject petitioner's argument that it was improper for the ALJ to "draw a negative inference from [petitioner's] failure to testify" (15 NYCRR 127.5 [b]; see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d 926, 928 [2019]).
Additionally, because petitioner failed to argue on administrative appeal that the belated hearing notice deprived the ALJ of jurisdiction to hear the matter, he "failed to exhaust his administrative remedies with respect to that contention" (Matter of Gorman v New York State Dept. of Motor Vehs., 34 AD3d 1361, 1361 [4th Dept 2006]). Contrary to petitioner's contention, a suspension of his license for 180 days is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (id. [internal quotation marks omitted]).
Finally, we have reviewed petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court